A. EINSTEIN'S SONS AND A. LEFFLER, PLAINTIFF IN ERROR, VS. AGNES DAVIDSON, AS ADMINISTRATRIX, ETC., DEFENDANT IN ERROR.

DEFAULT JUDGMENT—WHEN CAN BE VACATED ON MOTION—VOID AND VOIDABLE JUDGMENT.

1. Where a final judgment entered by the clerk on a rule day, after default duly taken and entered, recites that the clerk "assessed the damages on one *proven account* herein filed, seven hundred and three dollars and thirteen cents," such judgment is not *void upon its face* upon the ground that it does not show

that the clerk acted upon proof of the account sued upon as required by our statute before he was authorized to enter such final judgment. *Held, further*, That after sixty days had elapsed from the entry of the default upon which such final judgment was predicated, the circuit judge had no power to vacate or set it aside upon motion, because of errors or irregularities in the entry thereof, touching the proofs on which it was entered, that were *not apparent upon the face of the judgment itself*, unless a term of the court intervenes prior to the expiration of the sixty days from the entry of the default, and, in such case, such motion could be made only during the continuance of such intervening term.

2. Where a final judgment entered by the clerk upon a default is *not void upon its face*, but is *voidable* only, because of matters *dehors* the face of the judgment itself, it passes beyond the control of the Circuit Court in which it is entered, and becomes an absolute verity, after the lapse of sixty days from the entry of the default upon which it is predicated, unless set aside or reversed by an appellate court in some appellate proceeding taken for its review.

3. A judgment that is absolutely null and void—a mere *brutum fulmen*—can be set aside and stricken from the record on motion at any time, and may be collaterally assailed, but the judgment that is *voidable* only, because irregular or erroneous, must be moved against *in time* by motion to vacate, or by resort to an appellate tribunal, otherwise it becomes an absolute verity, and passes beyond the control of the courts to disturb.

Writ of error to the Circuit Court for Columbia county.

The facts of the case are stated in the opinion of the court.

*B. B. Blackwell*, for Plaintiffs in Error.

BRIEF FOR PLAINTIFFS IN ERROR.

A judgment was entered on the 5th day of April, A. D. 1886, on rule day, at the clerk's office by the clerk of the Circuit Court for Columbia county, against

Alexander Davidson, in default of plea after appearance, for the sum of seven hundred and three dollars and thirteen cents ($703.13 cts.), in favor of A. Einstein's Sons, plaintiffs in error. See page.

Thereafter, on the 11th day of September, A. D. 1890, Agnes Davidson, as administratrix upon the estate of the said Alexander Davidson, commenced proceedings to vacate said judgment, which judgment had been transferred to A. Leffler, plaintiff in error, by A. Einstein's Sons, on the 7th day of January, A. D. 1886, during the life time of A. Davidson, that upon this proceedings, the judge of the Circuit Court made an order at chambers, on the 23rd day of September, A. D. 1890, making the administratrix a party to the judgment. See page.

And on the same day a like order was made, making S. Waxelbaum & Son, who claimed to be judgment creditors, also parties to said judgment. See page.

That on the same day, at chambers, the judgment' on motion of all the defendants in error, made an order vacating said judgment. See page.

To reverse this order, plaintiffs in error prosecute this writ of error, and assign as error:

1. The court erred in making the administratrix a party to the judgment rendered against A. Davidson.

2. The court erred in making S. Waxelbaum & Son parties to the judgment rendered against A. Davidson.

3. The court erred in vacating the judgment of the Circuit Court rendered on the fifth day of April, A. D. 1886, in favor of A. Einstein's Sons, and against A. Davidson.

We rely on the last ground for a reversal of the Circuit Court. We think the order of the Circuit

Court rendered on the 23rd day of September, A. D. 1890, clearly erroneous, for reasons, following, viz:

1st. The judge of the Circuit Court has no power over a judgment rendered by the clerk on rule days. It is a well-settled principle that after a term of the court has been adjourned, that the control over the judgment to modify, or vacate, ceases with the term, See Freeman on Judgments, sec. 90-6. See Foreheimer Bros. vs. Tarble, 23 Fla. page 89.

The same reasons which uphold the judgment of a court rendered in term, apply with equal force to judgment rendered by the clerk on rule day at the clerk's office; it is just as essential that the one, as the other should speak absolute verity, and the only power conferred on the circuit judge to control such judgments is that given by the act of 1873, Chap. 1938, sec. 6.

The power given by this statute can only be properly exercised upon affidavit of merits, and after the lapse of sixty days, the power of the judge ceases, and such judgment, from the very nature of things must speak absolute verity.

It is insisted, that under the act of 1879, Chap. 3121, the judge was authorized to vacate this judgment.

But no such power was conferred by this statute. See Myrick vs. Merritt, 21st Fla. page 799.

It is insisted that this judgment is void; because the clerk did not have the proper evidence before him, upon which to base the judgment.

The judgment recites that "the clerk having assessed the damages on one proven account, herein filed, at seven hundred and three dollars and thirteen cents," etc. See page.

The act of 1873, Chap. 1938, sec. 7, gives direction to the clerk, as to the nature of proof to be considered

by him in entering final judgment upon an open account as follows:

"The examination of the plaintiff, under oath, of other proofs by affidavits or otherwise."

Hence we insist that the clerk has fully complied with the statute, and that the final judgment entered on the fifth day of April, A. D. 1886, was a valid and perfect judgment.

If this judgment was not in every particular perfect, it certainly was not void.

The authorities make a broad distinction between irregular, or voidable judgments, and void judgments.

If the court had jurisdiction of the parties and of the subject-matter of the suit, then the judgment can not be void, and if in rendering judgment it was irregularly or defectively done, as for instance, upon proper proofs, or the absence from the record of the proper proofs, it was only an irregular exercise of jurisdiction and becomes a good judgment until reversed on appeal. See cases cited above, 23rd Fla. See Ponder vs. Moseley, 2nd Fla. page 207. See Freeman on Judgments, sec. 132-4-5.

The case of Shell vs. Irvine, 17th Fla. 234, and the cases of Blount vs. Gallaher, 22 Fla. 92, are not inconsistent with the foregoing views.

The principle settled by these cases is, that on appeal, or writ of error, to reverse a judgment rendered by the clerk, that the record must affirmatively show that the judgment was based upon proper proofs. If either of these judgments which were rendered, had been assailed, collaterally, they would have been sustained by the court. For the Circuit Court had jurisdiction of the person and of the subject-matter.

*A. J. Henry*, for Defendant in Error.

### BRIEF OF DEFENDANT IN ERROR.

The first and second assignments of error having been abandoned by the plaintiff in error, it is only necessary to notice the third assignment. The common-law power of courts of general jurisdiction to vacate their judgments for enumerated causes is unquestionable. 1 Black on Judgments, sec. 297, *et seq.* Independently of statute such power could only be exercised by the court in term (Black on Judgments, sec. 306), and as to judgments rendered in term, it is apprehended, such power must still be exercised in and during the term of rendition to be valid. So far the case cited by plaintiff in error, Myrick vs. Merritt, 21 Fla. 799, is in point. The contention here being that, this being a statutory judgment entered by the clerk at Rules, the statute, Chap. 3121, 1879, confers upon the judge at chambers full power to entertain such a motion as the one in the case at bar; that as to such matters, said statute authorizes the judge at chambers to exercise "in vacation, any jurisdiction or power they are now authorized and empowered to exercise in term," none of the considerations expressed in said case being in the way of such construction.

The power of a court of general jurisdiction to vacate their judgments when void, for common law reasons, is a common law power. Black on Judgments, sec. 307, and such motion to vacate a judgment as a nullity is a direct, and not a collateral proceeding. Ibidem sec. 252.

The motion in the case at bar was not under Chapter 1938, which only authorizes a course by which defendant against whom a default, or judgment by default have been entered can be allowed to plead. It was

never intended by the Legislature that this provision should affect the common law power of the courts to vacate judgments on common law grounds. Black on Judgments, secs. 311, 334.

That the court did not err in vacating the judgment in the case at bar, is apparent in the light of the decisions of this court. Snell vs. Irvine, 17 Fla. 234; Blount vs. Gallaher, 22 Fla. 92; Croons vs. Harlee, 17 Fla.

In Snell vs. Irvine, the courts say "the clerk in ascertaining the amount which the plaintiff is entitled to recover, in an action on an open account must act upon proofs produced and filed upon entry of default, and the record must disclose the fact." In the case at bar it is apparent that there was nothing used by the clerk as the basis of the judgment except the open account filed with the declaration as a bill of particulars, which he designates as a "proven account." The only proof to the account was that purported to be an affidavit of Jacob Eiesteis before a notary public of Chatham county, Georgia. The same could not be considered as proof in Florida, there being no statute of the State authorizing such an affidavit to be used, as proof, in the courts of this State, and hence the judgment was void as not based upon proofs taken and filed by the clerk, as required by law, as declared in the cases above cited. It is submitted that the only error committed by the judge in vacating the judgment of A. Einstein's Sons vs. Davidson was his refusal to vacate the default, the two not being distinguishable under the circumstances of this case. The judgment being void, laches in applying for its vacation can not be imputed. Black on Judgments, sec. 307. Nor is a void judgment within the rule that the court loses all power over its records after adjournment of the term. Ibidu.

TAYLOR, J.:

A. Einstein's Sons on the rule day, the 5th day of April, A. D. 1886, recovered final judgment, upon a default, before the clerk of the Circuit Court of Columbia county for $703.13 against A. Davidson. After the entry of judgment by default the clerk entered the final judgment in the language following: "And afterwards, on the same day, came the said plaintiffs and demanded a final judgment against the said defendant, but because it is unknown what damages the plaintiffs have sustained by reason of the premises, the clerk is required to compute the interest, and inquire and assess the damages the plaintiffs have sustained, as well by reason of the premises, as for their costs and charges by them about this suit in this behalf expended; and the clerk having assessed the damages on one proven account herein filed, seven hundred and three dollars and thirteen cents ($703.13), over and above their costs and charges in this behalf expended. Therefore it is considered that the said plaintiffs, Jacob A. Einstein and Frank A. Einstein, do have and recover of and from the said defendant, Alexander Davidson, their damages aforesaid by the said clerk so assessed, and also two dollars and forty-three cents ($2.43), for their costs and charges, and that the plaintiffs have execution therefor; and the defendant in mercy, etc.

JOHN VINZANT, JR.,
Clerk Circuit Court."

April 5th, A. D. 1886.

Shortly after the entry of this judgment it was assigned upon the records by the plaintiffs therein to A. Leffler.

On the 10th day of September, A. D. 1890, Agnes Davidson, as administratrix of the estate of the judg-

ment debtor, Alexander Davidson, who, it seems, died on the 18th day of May, A. D. 1889, more than three years after the entry of said judgment, served notice upon the attorney for A. Leffler, the assignee of said judgment, to the effect that she, as such administratrix, would move before the circuit judge on the 23rd of September, A. D. 1890, for an order making her, as administratrix, a party to such judgment, and for an order setting aside and vacating such judgment upon the ground of irregularities therein as follows: 1st. Because the judgment as entered by the clerk was unauthorized, in this, that it appears by the record that the clerk did not ascertain plaintiffs' damages by legal evidence produced to and filed by him after the entry of default as required by law. 2nd. Because the clerk entered the said judgment without any evidence before him of any damages sustained by the plaintiffs touching the matters of the suit. 3rd. Because the said judgment has been fully paid and satisfied by the said A. Davidson in his life-time. Accompanying this motion there is a verified petition by the said Agnes Davidson, as administratrix, addressed to the judge, in which also she prays to be made a party to said judgment, in which petition she alleges that an execution was issued from such judgment on the 27th of April, A. D. 1886, and that the same was then being enforced by the sheriff by levy and an advertisement of sale of the land of said estate of Alexander Davidson. At the same time with the making of the above motions by Agnes Davidson, as administratrix, a firm doing business as S. Waxelbaum & Son also moved before the circuit judge, in the capacity of judgment creditors of Alexander Davidson, to be made parties, along with Agnes Davidson, as administratrix, to said judgment in favor of A. Einstein's Sons against Alex-

ander Davidson, and to the motion to vacate same. On the 23rd day of September, A. D. 1890, more than four years after the entry of said judgment, the circuit judge granted all of said motions, making Agnes Davidson, as administratrix, a party defendant to said judgment, in place and stead of Alexander Davidson, her intestate, and vacating and setting aside the said final judgment. From these orders the plaintiffs in error take writ of error.

The sole question presented for decision is, did the circuit judge, after the lapse of so long a time, have the power to set aside and vacate the final judgment entered, upon a bare *motion* to that end? It appears from the transcript of the proceedings leading up to the final judgment that the defendant therein, Alexander Davidson, was personally served with summons in the cause, and that he entered an appearance therein, but failed to plead or demur on the rule day when he was required by the rules so to do, and that thereupon a judgment by default was regularly entered against him, and thereafter, on the same rule day, followed the entry of the final judgment. The only proof exhibited in the record that the clerk had before him to establish the open account sued upon in the cause, and that was the basis of the judgment, was an affidavit proving the account that was made by a member of the plaintiff firm before a notary public in the State of Georgia, and that was appended to the account itself that was attached to and filed with the declaration in the cause. Whether there was any other proof of the account than this before the clerk at the time of the entry of the final judgment or not, the record does not disclose. But whether there was or was not, the question arises: was it not too late, at the time this motion was made, for the circuit judge to enquire into it upon

motion simply to vacate ?   If there was in fact no other
proof before the clerk upon which to predicate the
final judgment than the account attached to and filed
with the declaration with its verification made before
a notary public in another State, we are not now called
upon to announce what might have been our conclusion
as to its sufficiency and legality as proof, had the mat-
ter been brought here in time and in the regular way
for review by writ of error.   Neither are we now
called upon to say what the circuit judge should have
decided in reference to the sufficiency or legality of
such proof, if a motion to vacate had been made be-
fore him in the proper time.   As before stated, the
sole question now presented is, did the. Circuit Court,
at the time this motion was made, have authority, upon
a motion to vacate a final judgment entered by the
clerk on a rule day in vacation, to enquire into the
regularity of the proceedings leading up to such final
judgment, and to set aside and vacate the same, unless
the judgment itself was void upon its face?   We do
not think the judgment here is void upon its face.   In
the. cases of Snell vs. Irvine, 17 Fla. 234, and Blount
vs. Gallaher, 22 Fla. 92, this court held that the final
judgment entered by the clerk on an open account,
upon a default, should show what evidence was pro-
duced by the plaintiff to enable the clerk to ascertain
and assess the damage, and to show what was the basis
of the judgment; and in both of these cases, brought
up by writ of error, the judgments were reversed be-
cause of their being entered by the clerk without the
requisite proof; but we do not interpret these decisions,
or either of them, as holding that the judgment itself
should show in detail and with minuteness what proof
the clerk acted upon in its entry; but that the judg-
ment should show that the clerk did act upon proof

produced before him, and; in a general way, what that proof was. The judgment here assailed complies, we think, with the requirements of these decisions, at least to such an extent as that it can not be said to be *void* on its face, when it recites the fact that "the clerk having assessed the damages on one *proven account herein filed,* seven hundred and three dollars," etc. Now whether the account that the clerk deemed, and recited in the judgment to be, "a *proven* account," was in fact a regularly and *validly proven* account, sufficient to base a final judgment on, is not the question. The recitals of the judgment itself shows that it was based upon a *proven* account, could the Circuit Court, *at the time this motion was made go further than the face of the judgment itself,* upon a motion to vacate, and enquire into the regularity and legality of the proof upon which the clerk acted as recited in the judgment? We clearly think not. Section 6 of the Pleading and Practice Act (Chapter 1938, approved February 24th, 1873,) after providing for the entry of default and final judgments by the clerk for want of appearance or pleadings on the part of the defendant, provides further as follows: "The court, or the judge thereof, may, for good cause to him shown, open any default or judgment for want of appearance, answer, or plea, and allow the defendant or defendants to demur, plead, or answer within a period of time to be fixed by the said court or judge; but the application therefor must be made within sixty days from the time of the entry of such default or judgment, unless a term of the court shall in the meantime be held, when such application must be made during such term." It is the policy of the law that all litigation shall come to an end; that

23

when it reaches a certain point, the subject-matter involved shall be considered as finally and forever settled between the litigants by the authoritative adjudication of the courts, beyond which the courts themselves have no authority to go in the way of re-opening or prolonging the proceedings. This point is generally reached when a final judgment is entered by a court having competent jurisdiction over the subject-matter and the parties, in and by which the matter in dispute between them is solemnly and finally adjudged. It is well settled, as a general rule, that such judgments are under the plenary control of the courts that pronounce them during the entire term at which they are rendered or entered of record; and they may, during such term, be set aside, vacated, modified, or annulled by that court for cause shown. It is equally well settled, as a general rule, that after the expiration of the term the court loses control of its judgments rendered during that term; they then become *final*, and unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them, and if errors exist, they can only be corrected by writ of error or appeal in a court that can by law review the decision. 1 Black on Judgments, secs. 305, 306 and citations. Our statute above quoted limits the authority and power of the Circuit Courts to within sixty days after the entry of a default or final judgment by the clerk on rule days, or during the term of court, in the event a term shall convene at any time before the expiration of sixty days from the entry of such default or judgment, within which they can vacate or set aside any such judgment, when the same is not an *absolute nullity*, and is not *absolutely void*. After the lapse of sixty days from the entry of any default or final judgment by the clerk that is *erroneous simply*, or irregular, or *voidable*,

without being *absolutely void*, the Circuit Court, or judge, loses control over it, and can not vacate it or set it aside on motion, unless a term of court shall intervene before the lapse of the sixty days, and then, in that event, it must be done *during that intervening term*, otherwise the court loses control over it and can not vacate it after the term adjourns.   Myrick vs. Merritt, 21 Fla. 799; Forcheimer Bros. vs. Tarble, 23 Fla. 99, 1 South. 695; Frankfurth vs. Anderson, 61 Wis. 107, 20 N. W. 662; Egan vs. Sengpiel, 46 Wis. 703, 1 N. W. 467; Knox vs. Clifford, 41 Wis. 458; 1 Freeman on Judgments (4th ed.), secs. 96, 101 and citations; Sedgwick vs. Dawkins, 16 Fla. 198.

The final judgment entered by the clerk here may have been erroneous, and irregular for the want of legal or sufficient proof of the account; and, had the defendant therein moved for its vacation in time, or appealed therefrom in time, it might have been entirely proper to vacate it and annul it because of such erroneousness and irregularity; but, in such case, it would require the *judgment* of the Circuit Court, on the proceeding for vacation, or the appellate court, on the appeal, annulling and vacating it, in order to make it *absolutely void*, as was done in the two cases of Snell vs. Irvine, 17 Fla. 234, and Blount vs. Gallaher, 22 Fla. 92. Until the Circuit or the appellate court *adjudges that it shall be void* because of its erroneousness or irregularity, the accurate expression in reference to it is that it is *voidable* only.

The record shows that the defendant in the judgment here was personally served with summons in the cause, and, besides, that he entered an appearance therein. The Circuit Court had undoubted jurisdiction over the subject-matter and of the parties to the suit. The judgment entered by the clerk was such a judg-

ment as the clerk under the law, had the power under-certain circumstances to enter, because he may have erred and acted irregularly in entering it without proofs, in strict legal form, of the account sued on does not make it such an absolute *nullity* as that it can be *accurately* said of it that it is void. It may have been erroneous and, therefore, *voidable*, but not absolutely void. Ponder vs. Moseley, 2 Fla. 207, S. C. 48 Am. Dec. 194; Bond vs. Pacheco, 30 Cal. 530; Genobles. vs. West, 23 So. Ca. 154; Harper vs. Biles, 115 Pa. St. 594, 8 Atl. Rep. 446; Ballinger vs. Tarbell, 16 Iowa, 491, S. C. 85 Am. Dec. 527; Mitchell vs. Aten, 37 Kansas 33, 14 Pac. Rep. 497; Hersey vs. Walsh, 38 Minn. 521, 38 N. W. Rep. 613; White vs. Crow, 110 U. S., 183; Town of Lyons vs. Cooledge, 89 Ill. 529. A judgment that is absolutely null and void—a mere *brutum fulmen*—can be set aside and stricken from the record on motion at any time, and may be collaterally assailed. 1 Freeman on Judgments, sec. 98 and citations. But the judgment that is *voidable* only, because irregular or erroneous, must be moved agianst *in time* by motion to vacate, or by resort to an appellate tribunal, otherwise it becomes an absolute verity, and passes beyond the control of the courts to disturb. Such we think was the case here. The judgment was acquiesced in by the original defendant therein for more than three years after its entry without any assault upon its regularity or validity; it was too late, after his death, and more than four years after its entry, for his administratrix to question its validity by motion because of errors or irregularities in its entry. It had then passed beyond the control of the court in. which it was rendered to vacate, correct or modify it. because of errors and irregularities in its entry.

The court erred in granting the orders from which the writ of error was taken, and such orders are therefore reversed.

MABRY, C. J., dissents.