A. W. LORD, A. R. SCRUGGS AND W. A. STRICKLAND, PLAINTIFFS IN ERROR, v. F. M. DOWLING COMPANY, A CORPORATION, DEFENDANT IN ERROR.

1. A judgment that is absolutely void can be stricken from the record on motion at any time, and may collaterally assailed; but a judgment that is voidable only, because irregular or erroneous, must be moved against in time by motion to vacate or by proper appellate proceedings, and if no such step is taken within the prescribed

time, the judgment becomes an absolute verity and it passes beyond the control of the courts.

2.  Where a judgment is irregular or erroneous because it is entered for amounts actually  due and also for an amount not due at the time of the commencement of the action, but due when the declaration was filed and when the judgment was entered, such judgment is not thereby rendered void when the court had juiisdiction of the subject-matter and of the parties. Objection should be made to such irregularity by timely motion or by proper appellate proceedings.

3.  In a suit on promissory notes and an open account where the final judgment entered by the clerk after default states that the plaintiff "produced and filed in this court the original notes of the defendant and his sworn account against said defendant sued on herein" it furnishes a sufficient statement of the evidence presented upon which the judgment was entered, and the judgment is not subject to a motion to vacate it made more than sixty days after the default upon the ground that the judgment is utterly void.

4.  Under the statute which requires that all notes, accounts, &c., sued on or a copy thereof shall be filed with the declaration, copies of the notes and a written statement of the balance due on an open acocunt filed with the declaration in an action on all of them, is a sufficient compliance with the statute the purpose of which is to apprise the defendant of the nature and extent of the demand against him.

5.  Where the clerk of a court of general jurisdiction issues process under statutory authority all the essential requisites of the statute must be complied with or the process will be void.

6.  Where a statute requires the proof of the existence of certain facts to be made before process is issued and

there is an entire absence of proof as to any of the essential facts the process is void. But when the proof adduced has a legal tendency to establish every essential fact the process is not void, even if it be erroneously issued because the proof adduced is legally insufficient. In one case the act is without authority and void; in the other there is authority erroneously exercised and the act may be reversed or vacated on direct proceedings for that purpose.

7. The filing of an affidavit containing allegations of certain specific facts is a prerequisite to the issuing of a writ of attachment and the writ is void if such affidavit has not been filed; but the additional proof of the existence of the special ground for attachment required by the statute to be made where the debt is not due may be made by affidavit or otherwise satisfactory to the officer issuing the writ, and where the officer had before him in the affidavit filed some evidence of the fact on which the additional proof is required, the writ of attachment is not void even if the proofs are legally insufficient to support the writ on direct proceedings for its review.

This case was decided by Division A.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*W. W. Hampton*, for Plaintiffs in Error.

No appearance for Defendant in Error.

WHITFIELD, J.: This action brought against A. W. Lord, December 15, 1903, by the defendant in error in the

Circuit Court for Alachua county, was begun by præcipe for summons and affidavit in attachment. A writ of attachment was issued and levied the same day upon the property of A. W. Lord, who gave a forthcoming bond with A. R. Scruggs and W. A. Strickland as sureties.

On January 4, 1904, the defendant, A. W. Lord, filed his appearance.

On February 1st, 1904, the plaintiff filed its declaration with copies of the causes of action attached thereto, which is as follows: "F. M. Dowling Company, a corporation organized and existing under the laws of the State of Florida, by Robt. E. Davis, its attorney, sues A. W. Lord, for that whereas heretofore, to wit: on the .... day of December, A. D. 1903, the defendant was indebted to the plaintiff in the sum of one hundred and twenty-eight 08-100 dollars, money payable by the defendant to the plaintiff for goods bargained and sold by the plaintiff to the defendant. And in the like sum for money lent by the plaintiff to the defendant. And for that the defendant, on the 7th day of November, A. D. 1903, by his promissory note, now overdue, promises to pay to the plaintiff three hundred dollars, thirty days after date, with interest at the rate of ten per cent per annum after maturity until paid, but did not pay the same. And for that the defendant, on the 7th day of November, A. D. 1903, by his promissory note, now overdue, promised to pay to the plaintiff three hundred dollars sixty days after date with interest at the rate of ten per cent per annum after maturity until paid but did not pay the same. And it was further provided in each of said notes that the defendant should pay an attorney's fee of ten per cent of each of said notes if the same should be given after maturity to an attorney

for collection, which was done. Whereupon the plaintiff brings suit and claims $1,600.00 damages."

"Copy Cause of Action.
$300.00                    Gainesville, Fla., Nov. 7th, 1903.
Thirty days after date I promise to pay to the order of F. M. Dowling Co. Three Hundred and no-100 Dollars at the National Bank of Jacksonville for value received with interest at the rate of ten per cent per annum after maturity until paid. Together with an attorney's fee of ten per cent if given after maturity to an attorney for collection.
No..........            (signed)      A. W. LORD.
Due Dec. 7.

Copy Cause of Action.
$300.00                    Gainesville, Fla., Nov. 7, 1903.
Sixty days after date I promise to pay to the order of F. M. Dowling Co., Three Hundred & no 100 Dollars at the National Bank of Jacksonville for value received with interest at the rate of ten per cent per annum after maturity until paid. Together with an attorney's fee of ten per cent if given after maturity to an attorney for collection.
No. ..........            (signed)      A. W. LORD.
Due Jan. 6.

Copy Cause of Action.
                    Jacksonville, Fla., Dec. 1, 1903.
Mr. A. W. Lord,
        In Account with
            F. M. Dowling Co.
Nov. 10.              To Balance              $128.08."
On March 7th, 1904, judgment by default against A.

W. Lord was entered as follows: "Now comes the plaintiff by its attorney, Robt. E. Davis, Esq., and moves the court for a default judgment against the defendant, A. W. Lord, for failure to plead, answer or demur to plaintiff's declaration. And it appearing to the court that no plea, answer or demurrer has been filed herein, it is therefore considered, ordered and adjudged by the court that the plaintiff, F. M. Dowling Company, do have judgment by default against the defendant, A. W. Lord.

March 7th, 1904. H. C. DENTON, Clerk Circuit Court."

Final judgment was entered January 6th, 1905, as follows:

"This cause coming on to be heard upon application for final judgment based upon the default judgment rendered and entered herein on the 7th day of March, A. D. 1904, against the defendant herein, and the plaintiff herein having produced and filed in this court the original notes of the defendant, and his sworn account against said defendant sued on herein, and it appearing to the court that the defendant on the 19th day of December, A. D. 1903, filed his forthcoming bond in this cause to retake possession of certain property attached herein of the value of Eight Hundred Dollars, which bond was executed by A. R. Scruggs and W. A. Strickland as sureties. Therefore, it is considered, ordered and adjudged that the plaintiff, the said F. M. Dowling Company, a corporation organized and existing under the laws of the State of Florida, do have and recover of and from the defendant, A. W. Lord, the sum of Eight Hundred and Twelve 15-100 ($812.15) Dollars, as

his damages, together with the sum of sixty-six 24-100 ($66.24) Dollars as attorney's fees herein, aggregating the sum of eight hundred ninety-eight 39-100 ($898.39) Dollars as its damages as shown by said notes and sworn account filed herein and that it do recover of and from the said A. R. Scruggs and W. A. Strickland, jointly and severally, as sureties on said forthcoming bond the sum of Eight Hundred 00-100 ($800.00) Dollars damages, it being the value of the property covered by said forthcoming bond. Together with its costs in this behalf expended taxed at eight 79-100 ($8.79) Dollars, and the defendants in mercy, &c.

S. H. WIENGES, Clerk Circuit Court."
Jan. 6th, 1905.

On February 14, 1905, the defendants filed notice of motion to set aside and vacate the judgment, judgment by default and the execution upon the following grounds:

"1st. Because this is a suit upon a note due, and upon a note and account not due, and such suit cannot be maintained. The judgment entered in such a suit is a nullity.

2nd. No sufficient bill of particulars as to the account sued upon was filed with the declaration, and no default could be legally entered up against the defendant, A. W. Lord, until such bill of particulars had been filed.

3rd. As to the unmatured note and account, the issue of a writ of attachment and all proceedings in said cause are null and void, because no proper foundation was laid, or affidavit made to justify the institution of the suit upon the unmatured claim, as required by the statute.

4th.   Because no competent and sufficient proof was filed upon which to predicate the entry of a final judgment, and the final judgment and execution issued thereon are illegal and void."

This motion was denied July 12, 1905, and defendant excepted.

Upon writ of error here the following are assigned as errors: (a)   refusing to vacate and set aside the default judgment entered in this cause, and the final judgment rendered, and the execution issued thereupon upon the grounds set forth in the motion to vacate; (b)  holding that suit may be maintained upon a note due and upon a note and account not due in one and the same action; (c)  holding that the pretended bill of particulars filed with the declaration was sufficient, and that default was legally entered up against the defendant A. W. Lord without the filing of the proper bill of particulars; (d)  holding that the writ of attachment and proceedings had therein as to the unmatured note and account were legal without the filing of the additional affidavit required by section 1643 Revised Statutes; (e) holding the final judgment legal and valid as to the open account upon the proof attached to the præcipe for final judgment.

A judgment that is absolutely void can be stricken from the record on motion at any time, and may be collaterally assailed; but a judgment that is voidable only, because irregular or erroneous, must be moved against in time by motion to vacate or by proper appellate proceedings; and if no such step is taken within the prescribed time, the judgment becomes an absolute verity and it passes beyond the control of the courts. Einstein v. Davidson, 35 Fla. 342, 17 South. Rep. 563.

The motion to vacate the judgment in this case was not made within sixty days after the entry of the default under section 1034 Revised Statutes, but it is made upon the theory that the judgment is absolutely void and may be set aside on motion at any time.

In this case the court had undoubted jurisdiction of the subject matter and of the parties. The defendant A. W. Lord appeared in response to the summons and also gave a forthcoming bond with A. R. Scruggs and W. A. Strickland as sureties conditioned to have the property levied on "forthcoming and restored to abide the final order of the court." A declaration with copies of the cause of action were filed on the rule day in February, 1904, and on the rule day in March, 1904, no plea, answer or demurrer having been filed by the defendant, a default was entered against him. On January 6th, 1905, final judgment was entered upon a præcipe therefor filed by the plaintiff as follows: "The clerk of the above court will please enter a final judgment in the above styled cause against the defendant therein and the sureties on his forthcoming bond herein, to wit: A. R. Scruggs and W. A. Strickland, as shown by said forthcoming bond on file in this court. The original notes and the sworn account sued on are filed herewith." The clerk entered final judgment as set out above.

Even if upon motion to vacate the judgment made after the sixty days allowed by section 1034 of the Revised Statutes for opening up defaults the court could go further than the face of the judgment and enquire into the regularity and legality of the proof on which the clerk entered the judgment (Einstein v. Davidson, 35 Fla. 342,

21—S. C.

17 South. Rep. 563), there is no bill of exceptions in the transcript giving the evidence shown to the court on the motion to vacate the judgment as being that on which the clerk based the entry of the judgment, and if the "notes and the sworn account sued on" as copied into the transcript cannot be considered here in the absence of a bill of exceptions containing them, the præcipe for final judgment states that they were filed with the præcipe, and this tends to sustain the recital in the judgment that "the plaintiff herein having produced and filed in this court the original notes of the defendant, and his sworn account against said defendant sued on herein."

Section 1035 of the Revised Statutes of 1892 provides that upon the entry of any default for want of demurrer or plea in any suit for the recovery of money founded upon a written contract, the plaintiff may at any time after such default on the production and filing of such instrument cause final judgment to be entered for the amount thereof with interest; and if the action is upon an open account, the clerk shall ascertain the amount which the plaintiff is entitled to recover in such action from the examination of the plaintiff under oath, or other proofs by affidavits or otherwise and enter up judgment therefor, upon which judgment execution shall issue. Section 1664 of the Revised Statutes of 1892 provides that where a writ of attachment has been levied, if judgment by default be entered in favor of the plaintiff, and the defendant shall have retaken the property upon a forthcoming bond, final judgment shall be entered at the same time against the defendant and the sureties on the bond for the amount of the judgment against the defendant if it be less than the value of the property as fixed by the

officer, or for the value of the property so fixed, if such value be less than the judgment against the defendant.

It is contended that as one of the notes was not due it could not be included with the note and account actually due in one action and that a judgment entered in such an action is a nullity; that no sufficient bill of particulars as to the account sued on was filed with the declaration, therefore the default entered against A. W. Lord is illegal; that as to the note not due, the writ of attachment and all proceedings in the cause are null and void because no affidavit was filed to justify the institution of the suit upon the unmatured claim as required by statute, and that no sufficient proof was filed upon which to predicate the entry of a final judgment, and it is therefore void.

One of the notes in this case was not due when the summons was served and the attachment levied, but it was due when the declaration was filed and when judgment was entered. Even if the judgment as entered for amounts actually due and also for an amount not due at the commencement of the action, but due when the declaration was filed and when judgment was entered, be irregular or erroneous for that reason, the judgment is not thereby rendered void when the court had jurisdiction of the subject-matter and the parties. No objection was made before judgment to including in the declaration a note not due when the summons was served, and as it does not render the judgment void, the irregularity, if any, cannot be considered on motion to vacate the judgment. See Warfield v. Oliver, 23 La. Ann. 612; Burns v. True, 5 Tex. Civ. App. 74, 24 S. W. Rep. 338; Blount v. McNeill, 29 Ala. 473; 1. Cyc. 745.

If the sufficiency of the cause of action or copy thereof

required by the statute to be filed with the declaration can be considered here without a bill of exceptions containing the paper filed, particularly when the copies filed are not referred to in the declaration, the account appearing in the transcript here as a copy of the cause of action stated in common counts, is sufficient to apprise the defendant of the nature and extent of the demand against him, and this is all the statute requires. See first Nat. Bank of Florida v. Savannah, F. & W. Ry. Co., 36 Fla. 183, text 192, 18 South. Rep. 345.

Section 1643 of the Revised Statutes of 1892 provides that in applications for attachments in cases where the debt is not actually due, in addition to other requirements "the plaintiff shall produce before the officer granting such attachment proof by affidavit (other than his own), or otherwise, satisfactory to such officer of the existence of" stated grounds of attachment.

This court held in the case of Merchants Nat. Bank of Jacksonville v. Grunthal, 38 Fla. 93, 20 South. Rep. 809, that the statutory affidavit and bond upon which an attachment is issued are a part of the statutory pleadings in the cause and constitute a part of the record proper to be evidenced in the Appellate Court by copies duly certified by the clerk of the court. The record here contains an affidavit by the attorney for the plaintiff in attachment which conforms to the statute in cases of attachment, and even if this is not a compliance with the additional requirements of section 1643 Revised Statutes of 1892, in cases where the debt sued on is not due, there is in the affidavit filed some proof of the fact on which the additional proof is required by the statute, and there is nothing to show that other proof was not presented to the

clerk. The directions filed under the rules for making up the transcript in this cause which is before us, required only that "the affidavit in attachment" be included in the record, and that for aught that appears the plaintiff did produce before the officer granting such attachment the additional proof by affidavit *"or otherwise* satisfactory to such officer of the existence of" proper grounds of attachment as required by the statute above quoted.

When the clerk of a court of general jurisdiction issues process under statutory authority all the essential requisites of the statute must be substantially complied with or the process will be void.

When the statute requires the proof of the existence of certain facts to be made before process is issued, and there is an entire absence of proof as to any of the essential facts, the process is void. But when the proof adduced has a legal tendency to establish every essential fact the process is not void, even if it be erroneously issued, because the proof adduced is legally insufficient. In one case the act is without authority and void; in the other there is authority erroneously exercised and the act may be reversed or vacated on direct proceedings for that purpose. See Tanner & Delaney Engine Co. v. Hall & Mobley, 22 Fla. 391; Miller v. Brinkerhoff, 4 Denio (N. Y.) 118.

In proceedings in attachment when the debt is not actually due but will become due within nine months from the bringing of the suit the statute makes the filing of an affidavit stating the amount of the debt or demand, that the same is actually an existing debt or demand, and the existence of one or more of the statutory special grounds for attachment, prerequisites to the issue of a writ of

attachment; and if an affidavit is not filed and there is an entire absence of proof as to any of such essential facts, the writ is void. But if an affidavit is filed containing an averment as to every essential fact the writ is not void, even though the proof be insufficient to sustain the writ on direct proceedings for its review. In cases where the debt is not actually due the statute does not make the filing of an additional affidavit a prerequisite to the issue of a writ of attachment, but it adds to the quantum of proof required in cases where the debt is due, by providing that in addition to the affidavit required in cases where the debt is due there shall in cases where the debt is not due be further proof by affidavit, *or otherwise,* satisfactory to the officer, as to the special ground for attachment. This proof "or otherwise satisfactory to the officer" is not required to be in writing, though in practice it should be, and even when it is in writing, if it is not in the form of the statutory affidavit it is not necessarily a part of the record proper. The affidavit required as a prerequisite to the issue of the writ was filed in this case and it contains an averment as to every essential fact. If the additional proof of one of the facts required in cases where the debt was not due, was not produced the writ may to that extent have been erroneously issued, but it is not void, since there was some evidence in the affidavit filed of the existence of the fact, even though the evidence be insufficient to support the writ on direct proceedings for its review. Besides this, a part of the debt for which the writ was issued was actually due, and this gave validity to the writ even if the part of it covering the debt not due was surplusage. The writ was not void and the sureties on the bond are bound by their undertaking. If the

L. & N. R. Co. v. Goulding—Syllabus.

proceedings were erroneous there was a remedy by direct proceedings for review. The motion here is to vacate the judgment because the writ is void; but as the writ is not void the motion was properly denied.

The judgment states that "the plaintiff herein having produced and filed in this Court the original notes of the defendant, and his sworn account against defendant sued on herein," and on motion to vacate the judgment on the ground that it is void, made after the time allowed by the statute to set aside the default, this is sufficient to show that the final judgment was entered upon proper proofs. Einstein v. Davidson, 35 Fla. 342, 17 South. Rep. 563.

The final judgment is not absolutely void and the motion to vacate it was properly denied.

The judgment is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.