HENRY C. GROVES, *Plaintiff in Error,* v. J. H. MCLAURIN, *et al., Defendants in Error.*

Opinion Filed November 4, 1913.

A bill of particulars is not a part of the declaration; and the allowance or refusal of a detailed bill of particulars rests in the discretion of the trial court and will not be reversed in the absence of a showing of abuse of discretion.

Writ of error to Circuit Court, Marion County; W. S. Bullock, Judge.

Judgment affirmed.

*Davis & Martin,* and *Edwin Spencer, Jr.,* for Plaintiff in Error;

*L. N. Green,* for Defendants in Error.

WHITFIELD, J.—The defendants in error brought assumpsit against Groves in the common counts for the price of several articles stated in an account filed with the declaration, aggregating $329.00. There is no bill of exceptions, but the transcript shows that motions for a more detailed bill of particulars stating the price of each article, were denied. There was judgment for the plaintiff, and on writ of error the defendant below insists that the denial of a motion for a more detailed bill of particulars was reversible error.

A bill of particulars is not a part of the declaration; and the allowance or refusal of a detailed bill of particulars rests in the discretion of the trial court and will not be reversed in the absence of a showing of abuse of discretion. Wilson v. Fridenberg, 22 Fla. 114; Mathis v. State, 45 Fla. 46, 34 South. Rep. 287; Spencer v. Fort Orange Paper Co., 74 App. Div. (N. Y.) 74, 77 N. Y. S. 251; Neal v. Phoenix Lumber Co., 64 Wash. 523, 117 Pac. Rep. 267; Wood's Adm'x v. Southern R. Co., 104 Va. 650, 52 S. E. Rep. 371. Even if the denial of motions for a more detailed bill of particulars can be reviewed on writ of error without a bill of exceptions, there is nothing in the transcript to indicate that the trial court abused a sound judicial discretion in denying a motion for a more detailed bill of particulars.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.