W. A. ADAMS, *Appellant*, vs. B. H. REYNOLDS, *Appellee*.
Division A.
Opinion filed April 21, 1931.

*Pemberton & Peacock*, for Appellants;

*C. E. Kensinger*, for Appellee.

BUFORD, C.J.—Appellant procured a judgment in the Civil Court of Record of Hillsborough County, Florida, against the appellee. The judgment was dated January 10, 1927, was for $4,480.00 principal, $189.20 interest and attorneys fees in the sum of $516.92. The judgment was not attacked by writ of error, certiorari or otherwise until the filing of the bill of complaint in this case which was filed on the 23rd day of July, 1928, and was a bill brought to vacate and set aside the judgment upon the ground that it was void because of being in excess of the jurisdictional amount of $5,000.00. The jurisdiction of the Civil Court of Record

as fixed by the statutes, being chapter 11357 Acts of the Extra-ordinary session of 1925, is as follows:

"All such civil courts of record for each county respectively shall have exclusive, original jurisdiction in all cases at law, including writs of attachment and garnishment where the matter in controversy does not exceed, exclusive of interest and cost, the sum or value of Five Thousand ($5,000) dollars, and also where (a) the cause of action in whole or in part arose or accrued in the county, or (b) the property involved in whole or in part, is in the county, or (c) the defendant or one of the defendants is found in the county. Where the jurisdiction sum or value first above stated is alleged, a jurisdiction of such civil courts of record shall be prima facie presumed."

The appeal here is from an order overruling demurrer to the amended bill of complaint. A copy of the declaration in the original suit is made a part of the amended bill of complaint. It is alleged that the original suit was filed on the 14th day of October, 1926. The declaration is on a note for the sum of $4000.00 with 8% interest, dated June 29, 1925, payable June 29, 1926, and another note for the sum of $480.00 dated June 29, 1926, and payable on the 9th day of September, 1926, with interest after date at 8%. Principal and interest at the time of suit did not amount to as much as $5,000.00. There was no sufficient allegation in the declaration upon which to base a recovery of attorney's fees. Therefore, the entry of judgment for $516.92 for attorney's fees constituted error. The judgment was erroneous but not void and, therefore, the demurrer to the bill of complaint should have been sustained and the bill of complaint dismissed.

A court of equity will not cancel a law judgment because of error therein appearing.

Unless absolutely void, a judgment in this State becomes an absolute verity when not moved against within the period provided by statute. Einstein vs. Davidson, 35 Fla. 342, 17 Sou. 563; Lord vs. F. M. Dowling Co., 52 Fla. 313, 42 Sou. 585; Johnson vs. McKinnon, 54 Fla. 221, 45 Sou. 23. See also Sutton, et al., vs. Bank of Mulberry, 83 Fla. 4, 90 Sou. 539, wherein it is said:

"Equity will not cancel a judgment not shown to be void where the complainants have not asserted their right to an appellate review of the judgment, and are guilty of laches and do not offer to do equity."

The order appealed from is reversed with directions that the bill of complaint be dismissed.

WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.