STATE, *ex rel.* ANNA DILLMAN, v. GEORGE W. TEDDER, Circuit Judge, Fifteenth Judicial Circuit, Broward County.

166 So. 590.

En Banc.

Opinion Filed March 10, 1936.

*F. P. Fleming, J. W. Salisbury* and *C. H. Lichliter,* for Relator;

*Henry E. Williams,* for Respondent.

ELLIS, P. J.—From the large amount involved in the common law action in which the point in controversy in this cause arose, and the size of the record and briefs, the case appears to be a most formidable one in its complexities and difficulties. The question involved is whether a Circuit Judge, in the circumstances stated in the pleadings, is without jurisdictional power to ignore an alleged defective pleading to a declaration, and without notice to defendant enter a judgment by default against her for want of sufficient plea to the declaration.

An alternative writ of mandamus was issued by this Court upon the application of Anna Dillman against Honorable George W. Tedder, as Judge of the Fifteenth Judicial Circuit of Florida for Broward County, commanding him to vacate and set aside an order entered on August 2, 1935, in a cause pending in the Circuit Court for that county wherein Fort Lauderdale Real Estate Company, a corporation, is plaintiff, and Anna Dillman and others are defendants, by which the judge overruled the relator's motion to vacate an order of default against her in said cause for lack of a proper pleading to the declaration in said cause and to require the judge to grant the motion and permit the relator to plead to the merits of the cause or to show cause why a peremptory writ should not issue from this Court commanding the same to be done.

There was a motion to quash the alternative writ and a demurrer interposed to it. The case was orally argued on

February 5, 1936. The circumstances in which the question presented in this case arose, succinctly stated and yet as fully as may be necessary to our understanding of the point of law involved, are as follows:

In March, 1931, Fort Lauderdale Real Estate Company brought an action at law in the Circuit Court for Broward County against Mrs. Anna Dillman, joined by her husband, Hugh Dillman, James H. R. Cromwell, Delwell Holding Corporation and Bernard R. Hodge. The first count of the declaration is upon a simple contract for the purchase of certain lands in Broward County, the purchase price of which was $2,229,000.00. It is alleged that the plaintiff vendor, the Real Estate Company, entered into the contract with Hodge. By the terms of the alleged agreement a certain sum was to have been paid in cash and a certain other sum on or before December 17, 1925; $1,588,500.00 to be paid in three equal annual installments with interest from November 17, 1925. The balance of $83,250.00 was to be paid by the assumption of a mortgage.

It is alleged that Hodge paid the two first sums of money amounting to $557,250.00; that a deed of conveyance was executed to Hodge; that Hodge signed the three notes for the deferred payment of $1,588,500.00. The declaration alleges that at the time of the sale the property belonged to the plaintiff in the action; that at the time the transaction was closed the plaintiff did not know that Hodge was in that transaction acting for himself, Anna Dillman, James Cromwell and Delwell Holding Corporation as joint adventurers, which it is alleged was a fact. Hugh Dillman, the husband of Anna Dillman, was expressly excepted, according to the allegations of the declaration, from those who were alleged to be joint adventurers in the transaction. It is alleged that those who composed the joint adventure,

Hodge, Anna Dillman, Cromwell and Delwell Holding Corporation, furnished the money for the first two cash payments. It is alleged that as the persons named were joint adventurers the title was taken by Hodge in trust for them and that therefore they became liable for the payment of the debt evidenced by the notes executed by Hodge. The demand, therefore, was upon the four joint adventurers, Hugh Dillman excepted, who was merely joined in the action as husband to Anna Dillman.

The seven remaining counts of the declaration were in the statutory form of statement of causes of action on contract. Section 4314 C. G. L. 1927, commonly referred to as the common counts. Copies of the contract, three promissory notes and mortgage were attached to the declaration as "Exhibits," but not made a part of the declaration.

In May, 1931, Cromwell interposed a motion to require the plaintiff to file a bill of particulars or copy of the cause of action as to the common counts and that the proceedings on such counts be stayed and in default of compliance with such order that the plaintiff be subjected to dismissal as to those counts of the declaration. A week later, in May, 1931, Hugh Dillman interposed a demurrer to the declaration.

The court denied the motion of Cromwell for a bill of particulars, stating in the order that the plaintiff had announced that "the bill of particulars attached to the declaration applies to all counts of said declaration," and the court was of that opinion, that is to say: "the bill of particulars attached to the declaration herein applies to each and every count thereof and is the copy of the cause of action required by Rule of Court and the Statute to be filed with the declaration."

It may be noticed here that the "Exhibits" which were attached to the declaration were by express language of

the first count of the declaration attached as "Exhibits" to that count.

The first count was not upon the notes and mortgage, copies of which were attached as exhibits, but upon the contract signed by Hodge, which was alleged to have been signed by him for himself and the other defendants. Paragraph 2 of Section 4313 C. G. L. was observed as to that count.

The purpose of a bill of particulars is to inform the defendant of the nature and character of the cause of action and for what particular items it is brought. Belote v. O'Brian, 20 Fla. 126; Robinson v. Dibble, 17 Fla. 457, 460; Royal Phosphate Co. v. Van Ness, 53 Fla. 135, 43 South. Rep. 916.

Where a copy of the cause of action declared upon in one count is applicable to the other counts in the declaration no bill of particulars to such other count is necessary even if such counts were common counts. Columbia County v. Branch, 31 Fla. 62, 12 South. Rep. 650.

The motion is addressed to a sound discretion of the trial court. Wilkie v. Roberts, 91 Fla. 1064, 109 South. Rep 22; Groves v. McLaurin, 66 Fla. 230, 63 South. Rep. 439.

Cromwell renewed his motion on the 26th of May for a bill of particulars and the day following applied to the court for a rehearing of its order. Counsel for the parties agreed that defendants need not plead to the declaration on the June rule day.

On June 1st Cromwell demurred to the first count of the declaration and at the same time moved the court for a compulsory amendment of the first count.

In February, 1932, Anna Dillman appeared by counsel and in March, 1932, moved for an order requiring a copy of the cause of action of bill of particulars to the common

counts, and on the same day, March 31st, interposed a demurrer to the entire declaration and each count thereof. Twenty grounds were set forth in support of the demurrer to the first count and three to the common counts, the last of which was that it did not appear in any of the counts that the plaintiff had an action against her.

Mrs. Dillman at the same time moved for a compulsory amendment of the first count. This was also followed by a motion for a more definite bill of particulars as to the common counts. Then in September, 1932, Mrs. Dillman by counsel again requested that her appearance be entered. In that request she was joined by Hugh Dillman.

In March, 1935, the plaintiff moved for a default separately against Mr. and Mrs. Dillman on the common counts upon the grounds that their demurrers to those counts and Mrs. Dillman's motion for a more definite bill of particulars were frivolous, because the counts were in the exact language of the statute and the copy of the cause of action had been filed with the declaration.

On the same day the court made two orders, one against Hugh Dillman and one against Mrs. Anna Dillman upon the common counts. In August of the same year the court denied a motion of Mrs. Anna Dillman to vacate the order of default, which according to the recitations in the order was accompanied by two affidavits and pleas tendered by Mrs. Dillman. The default order was entered on March 16, 1935, and the motion to vacate it was made on August 2, 1935, four months and sixteen days afterwards. The pleas tendered were the general issue.

A bill of exceptions was duly made up and certified by the judge, from which it appears that the order of default against Mrs. Dillman was made without notice to her; that for two and a half years approximately after the demurrer

the plaintiff took no steps in the prosecution of the cause; that the defendant has a meritorious defense and by such action of the court the defendant has been deprived of her right to be heard in the cause.

A copy of the opinion of Honorable George W. Tedder, Judge, accompanying his order declining to vacate the order of default is incorporated in the bill of exceptions. The opinion rests upon the views entertained by the court that if a frivolous motion for a bill of particulars or frivolous plea or demurrer is interposed to the declaration the plaintiff may take a default; citing Crandall's Common Law Practice, page 60, paragraph 51. Also citing Dudley v. White, 44 Fla. 264, 31 South. Rep. 830, to the effect that if the motion be of such a character that the plaintiff will be justified in treating it as a nullity he may disregard it and cause the clerk to enter a default. Register v. Pringle Bros., 58 Fla. 355, 50 South. Rep. 584; Cobb v. Trammell, 73 Fla. 574, 74 South. Rep. 697, in which it was held that only a motion that is "wholly frivolous and without merit upon its face" may be treated as a nullity. In that case, however, the converse of the proposition that a motion which was not frivolous upon its face could not be ignored was definitely held. In that case the defendant moved to strike the declaration and for compulsory amendment. A default was entered for want of a plea and judgment entered on default. A motion was made to set the default and judgment aside. The court held that the motion was not "wholly without merit and frivolous upon its face," and the entry of default was void and the judgment entered upon it was without authority.

The rule was announced that if a motion wholly frivolous and without merit should be decided in favor of the defendant making it and such decision would not have affected

the plaintiff's right to proceed with the case it would not be error. That proposition necessarily follows the postulate that a motion wholly frivolous and without merit is a nullity and may be ignored because if such a motion were granted or denied it would not affect the plaintiff's right to proceed with the cause. The corollary to which must be that a motion not wholly frivolous and without merit cannot be treated as a nullity and the court has no authority or power to so treat it. The judge below held that the "demurrer to the common counts was of this character," that is to say: "wholly frivolous and without merit," as the counts were in the statutory form.

The court also held that more than sixty days had elapsed since the entry of default, Sec. 4287 C. G. L.; no term of court had intervened since the entry of default; that the default was not void, but at most erroneous or irregular, so the court had lost control over the order and had no power to set it aside, citing Einstein v. Davidson, 35 Fla. 342, 17 South. Rep. 563; Adams v. Reynolds, 101 Fla. 271, 134 South. Rep. 45; Lord v. F. M. Dowling Co., 52 Fla. 313, 42 South. Rep. 585.

In the matter of the motion for a better bill of particulars the court held in substance that the exhibits attached to the declaration sufficiently complied with the statute, Sec. 4313, Par. 2, C. G. L., *supra,* and Rule 14 of Circuit Courts Law Actions. In the case of Humphrey v. Bussey, 99 Fla. 1249, 128 South. Rep. 841, referred to in the court's opinion, the first count of the declaration, which was in all substantial respects the same as the first count of the declaration in the case at bar, was held good on demurrer, and it was held that striking from the declaration the common law counts under Rule 14, *supra,* requiring a copy of the cause of action to be filed with the declaration, was error.

The doctrine of that case is reaffirmed and we think it controls as to the sufficiency of the declaration in this case. and as to the sufficiency of the bill of particulars as applied to the common counts.

The above lengthy statement of the circumstances is made. that the point presented in the mandamus proceeding may be more fully emphasized. The question presented appears to be whether the demurrer to the common counts was wholly frivolous and without merit, and if not did the court have authority to enter a default for want of a sufficient pleading to those counts? If the court had no authority to enter the default, will mandamus lie to compel him to vacate the default and to permit the relator to plead to the merits of the cause?

The distinction made by the trial judge between a sham plea, which may not be ignored because it must be shown to be false by proof *aliunde* unless its falsity is shown on its face, in which case it may be ignored, and a frivolous plea, which on its face sets up no defense and may be ignored, we approve.

The demurrer to the common counts in this case was treated as a wholly frivolous pleading and without merit on its face. That position we think cannot be maintained. The demurrer was regular in form. It was addressed to the entire declaration, had attached thereto the required certificate of counsel and the affidavit of demurrant that it was not interposed for delay. Three grounds were specially addressed to the common counts. The court determined that the demurrer as addressed to the common counts was wholly frivolous and without merit by reference to the declaration, which he said showed that the counts were in the statutory form for such counts. That in effect was to overrule the demurrer and hold the counts to be good as

against it. That, however, is not the measure by which the frivolousness of the demurrer should have been determined.

But measured by that test the demurrer could not be said to be wholly frivolous and without merit, because the action was against a married woman upon her contract to purchase lands which the exhibits attached to the first count showed to be the cause of action upon which the common counts rested and were deemed to be a sufficient bill of particulars for those counts. .

' The demurrer therefore raised the question whether a cause of action may exist against a married woman either upon her express or implied executory contract to purchase lands, or upon an implied obligation to pay for goods purchased, money lent, work done, money received for the use of the plaintiff or account stated. Does her lack of contractual capacity render her immune from an action upon an implied obligation? Should not the counts have alleged that the obligation was incurred while she was a *feme sole?* If the demurrer raised those questions of law it could not have been said to have been wholly frivolous and without merit.

It is argued that the Relator admitted that she was unmarried at the time of the contract and therefore the error if any in ignoring the demurrer to the common counts is harmless error, Section 4499 C. G. L. 1927. That statute provides that no judgment shall be set aside or reversed or new trial granted on the ground of error as to any matter of pleading or procedure. The point here is not that a judgment is asked to be set aside for error in a matter of pleading. No error occurred in pleading nor in procedure. The thing complained of was not that there was error in pleading, but that the court exceeded its authority in ig-

noring a valid pleading, a demurrer, which was not wholly frivolous and without merit on its face. This proceeding attacks not the erroneous judgment of a court, but an exercise of unlawful authority to ignore the well established and securely grounded processes of orderly court procedure so necessary under our system of government to secure a litigant his day in court, due process of law.

A court must proceed in the administration of justice within the limitations of its power. If it undertakes to proceed outside such limitations and subject a litigant's property or right to liberty to the demands of an adversary it is no longer a court of justice, whatever else it may be. No amount of judicial discretion can supply a defect or want of jurisdiction. Bradley, *Ex parte,* 7 Wall. (U. S.) 364, 19 L. Ed. 214; *Ex parte* U. S., 242, U. S. 27, 37 Sup. Ct. Rep. 72, 61 L. Ed. 129; 38 C. J. 612.

Orderly procedure is essential to the proper administration of justice. Turner v. Jones, 67 Fla. 121, 64 South. Rep. 502.

The court has inherent power to prevent abuse of court procedure. Ray v. Williams, 55 Fla. 723, 46 South. Rep. 158.

It must facilitate and not retard the determination of a litigated cause. White v. Crandall, 105 Fla. 70, 137 South. Rep. 272.

The corollary follows that the court has no power to ignore court procedure.

· This proceeding is not for the purpose of correcting an error committed while exercising jurisdiction, which is not permissible, *Ex parte* Brown, 116 U. S. 401, 29 L. Ed. 676, 6 Sup. Ct. Rep. 387; State, *ex rel.* Matheson, v. King, 32 Fla. 416, 13 South. Rep. 891, but to compel the judge to observe court procedure to the end that he may exercise

judgment or discretion in the determination of the cause. The rule that a pleading valid on its face and not wholly frivolous and without merit may not be ignored by the judge exists to insure the exercise by the judge of the court of his or its jurisdiction which it possesses to determine the controversy which gives rise to the litigation. If the judge had power to ignore a pleading valid on its face and proceed to give judgment for the opposite party the element of a judicial determination of the cause would be wholly removed.

It is also contended by respondent that the demurrer was frivolous because Rule 66, Common Law Actions, requires that in every species of action on contract all matters such as coverture which show the transaction to be void shall be specially pleaded.

That proposition it would seem goes to the sufficiency of the demurrer which could only be determined by reference to the record. There is no necessity to plead by way of avoidance of a contract, a fact which the record discloses to be true. If for instance it affirmatively appears from the declaration that a personal judgment is sought against a married woman upon a contract in which she as a married woman sought to obligate herself in a joint adventure with others, why plead coverture? The purpose of a special plea is to present a fact not apparent of record which will avoid the action, but if the declaration discloses that fact the plea setting up the fact is wholly unnecessary. Crawford v. Tiedeman, 35 Fla. 27, 16 South. Rep. 900; Crawford v. Feder, 34 Fla. 397, 16 South. Rep. 287; Dzialynski v. Bank of Jacksonville, 23 Fla. 346, 2 S. R. 696.

Upon the question of the sufficiency of the demurrer the declaration should be construed most strongly against the plaintiff. The declaration upon its face declares that the

action is brought against Mrs. Anna Dillman, joined by her husband, Hugh Dillman, because Hodge acting as agent for and joint adventurer with her and others (except Hugh Dillman) entered into the contract, etc. Upon a demurrer by Mrs. Dillman to that declaration would not the declaration be construed to declare upon a contract with a married woman?

Whether the court would so construe it or not, whether it should be so construed, is not the question, but rather does the demurrer present the point?

If it does, it is not wholly frivolous on its face and without merit. If it is not, then the judge had no power to ignore it and will by mandamus be required to vacate the void order which deprives him as a judge of the power to proceed according to the orderly process of law to a final determination of the cause.

The motion to quash the alternative writ and the demurrer interposed by respondent are overruled and a peremptory writ ordered in accordance with the commands of the alternative writ.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

DAVIS, J. (concurring).—Regardless of whether or not the demurrer to the common counts was frivolous I think it was a fundamental departure from the essential requirements of the law for the court to adjudge it so on an *ex parte* hearing. Therefore, mandamus is properly used as a writ of *procedendo* to restore the cause to a course of orderly judicial procedure at the point where the departure from the essential requirements first occurred.