ROBERT B. ENNIS v. VINCENT C. GIBLIN, FRED PINE, W. W. COLSON, JR., and RICARDO PROPERTIES, INC., a Florida Corporation.

2 So. (2nd) 382
Special Division A
Opinion Filed May 13, 1941
Rehearing Denied June 6, 1941

*Edward H. Brown,* for Appellant;

*Vincent C. Giblin, Fred Pine, W. W. Colson, Jr.,* and *Whitfield & Whitfield* (of Tallahassee), for Appellees.

BUFORD, J.—Appeal brings for review final decree dismissing bill of complaint.

The record shows that on October 31, 1938, appel-

lees filed suit in the Civil Court of Record of Dade County, Florida, against the appellant to recover sums of money alleged to be due the plaintiffs in that suit for legal services rendered the defendant with interest and costs. That attachment affidavit was filed in that cause and the interest of the defendant in certain lands was levied upon under writ of attachment. That the defendant was a non-resident of the State of Florida and that notice of the attachment was served (a) by publication as required by law, (b) that notice was also served by a copy of such notice being served on the defendant by the sheriff of the county where the defendant resided in Maryland and (c) by notice of the institution of the suit and service of attachment being transmitted to defendant by registered United States mail.

The defendant failing to apear, default was entered against him on December 6, 1938, and thereafter on December 28, 1938, one of the judges of the civil court of record entered a final judgment against the defendant in said suit for the sum of $800.00 plus $23.00 as interest and the further sum of $48.60 as costs.

The record shows that the court had jurisdiction of the parties in the attachment proceeding and that the judgment was regular on its face.

The record also shows that the defendant had notice of the suit and opportunity to be heard, of which he did not avail himself. That after judgment, execution was issued and levied by the sheriff upon the same property and the property was sold to Ricardo Properties, Inc., a Florida Corporation. A writ of assistance was issued and the purchasers at the sheriff's sale were put in possession of the property.

Within ten days after the filing of the bill of com-

plaint in this case the defendants answered, including in their answer motion to dismiss.

Complainant moved the court for decree in his favor on bill and answer. This motion was denied.

The answer denied the material allegations of the bill and in addition thereto the defendants set up allegations which were sufficient to constitute a complete defense in avoidance of the relief prayed for in the bill.

The rule is that when a case is heard on bill and answer all the averments of the answer are to be taken as true. See Godwin v. Phifer, 51 Fla. 441, 41 Sou. 597, and cases there cited; M. F. S. Co. v. J. Ray Arnold Cypress Co., 115 Fla. 151, 155 Sou. 118.

The court entered its decree dismissing the bill of complaint.

In Lucy v. Deas, *et al.,* 59 Fla. 552, 52 Sou. 515, it was held:

"Where the court is legally organized and has jurisdiction of the subject matter and adversary parties are given an opportunity to be heard by the actual or constructive service on them of notices of the litigation as required by law, any errors or irregularities, or even wrong doing in the proceedings short of a legal deprivation of an opportunity to be heard will not render the judgment void."

In the case of Sawyer v. State, 94 Fla. 60, 113 Sou. 736, we held:

"The general doctrine as to the finality of judgments after the expiration of the term of rendition is well stated in the case of Einstein v. Davidson, 35 Fla. 342, 354, and in Alabama Hotel Company v. Mott Iron Works, *supra;* also see 3 C. J. 210, 217, 255, 269; 15 R. C. L. 690.

" 'It is an invincible presumption of the law that a judicial tribunal, acting within its jurisdiction, has acted impartially and honestly, and the integrity and value of the judicial system, as an institution for the administration of public and private justice, rest largely upon this principle. Akin to this principle is the important one that a presumption lies in favor of the regularity of the proceedings of any court of general jurisdiction. When such a court acts within its jurisdiction, every presumption is in favor of its judgment, and every reasonable doubt will be resolved in favor of a trial upon the merits. This includes the presumption that such courts act rightly and in conformity to law, and that principle even goes to the extent of presuming that consel for litigants do their duty.' 15 R. C. L. 875." See also Lord, *et al.,* v. F. M. Dowling Co., 52 Fla. 313, 43 Sou. 585; Einstein v. Davidson, 35 Fla. 342, 17 Sou. 563; Day, *et al.,* v. Hurchman, *et al.,* 65 Fla. 186, 61 Sou. 445.

The record shows, as heretofore stated, that the Civil Court of Record of Dade County, Florida, is a court legally constituted and that that court had jurisdiction of the subject matter of the suit, in which the writ of attachment issued. That the defendant in that suit was given ample opportunity to be heard by both actual and constructive service on him of notice of the litigation as required by law.

The judgment was regular on its face and, therefore, that judgment was not void and was not amenable to collateral attack.

The bill of complaint in the instant case was properly dismissed.

No reversible error appearing in the record, the decree is affirmed.

So ordered.

BROWN, C. J., TERRELL and ADAMS, J. J., concur.