ON MOTION TO DISMISS
MANN, Chief Judge.
Stoner, acting as his own attorney, filed an appeal from an order denying rehearing in a civil action. The appellee moved to dismiss. At argument on the motion, it appeared that Stoner’s complaint was directed solely to the failure of the trial judge to assign reasons for denial of rehearing. Such an explanation is unnecessary. It is not required by any rule. Stoner’s reliance on Younghans v. State, Fla. 1956, 90 So.2d 308, is misplaced.[1] It is true that the Supreme Court there stated that “It is axiomatic that the exercise of judicial discretion should never be arbitrary, capricious or unreasonable; and where the discretion is exercised in favor of denying to a person a basic and fundamental right, the reasons for so doing should be sound and they should be clearly stated.” 90 So. 2d at 310. There is no “basic and fundamental right” to rehearing, and denial without explanation is the common practice.
Since the final judgment was not rendered until the denial of a timely motion for rehearing, the appeal filed by Stoner is the appropriate means by which to seek review of the trial court’s actions. No transcript of proceedings prior to the denial of rehearing has been filed or requested, and it is represented to the court *269 that the appellant questions only the denial of rehearing without assignment of reasons. On the basis of such a representation the motion to dismiss should be granted, with leave to seek reinstatement if the appellant intends, in good faith, upon an adequate record, to raise other questions on appeal.
HOBSON and BOARDMAN, JJ., concur.

. Stoner also cites Masser v. Dondon Operating Co., 1932, 106 Fla. 474, 145 So. 72, 79; State ex rel. Dillman v. Tedder, 1936, 123 Fla. 188, 166 So. 590; and Ellard v. Godwin, Fla.1955, 77 So.2d 617, all of which are irrelevant.