THOMPSON, Judge.
This is an appeal from a final order denying an amended motion for rehearing and affirming a prior order of dissolution of marriage. We affirm.
On June 8, 1979, appellee filed a petition for dissolution of his marriage to appellant. An answer was filed by appellant, and discovery was conducted. On September 6, 1979, at an unreported hearing attended by both parties and their attorneys, the parties entered certain oral stipulations and agreements which agreements purportedly settled all issues between them. On October 11, 1979, the trial court entered its final order incorporating these stipulations and agreements. Appellant’s counsel then filed a motion for rehearing and a motion to withdraw as counsel. A hearing on these motions was noticed for November 8, 1979. Although the record before us includes no document evidencing the disposition of these motions, or even that any hearing was held on November 8, 1979, it appears that the motion to withdraw as counsel may have been granted since a notice of appearance of appellant’s present counsel was filed on February 14, 1980.
On February 19, 1980, appellant’s new attorney filed an amended motion for rehearing and affidavits in support thereof. Although the record includes no direct evidence that any hearing was ever held on this motion for rehearing, appellant contends that the amended motion was orally granted at an unreported hearing held on or about April 17, 1980. We find strong support for her contention in the fact that commencing April 18, 1980, both parties conducted additional discovery and generally acted as if they were preparing for a rehearing. On December 18, 1980, a hearing was finally held, which was attended by the parties and their attorneys, and by a number of witnesses. At this time, the trial judge refused the proffered testimony of appellant’s witnesses, and treated the hearing not as a rehearing on the merits, but as a hearing on the amended motion for rehearing, which motion he denied by written order dated February 23, 1981.
The thrust of the affidavits filed in support of appellant’s amended motion for rehearing was that the oral stipulations entered into by the parties at the September 6, 1979 hearing were not intended to dispose of all properties owned by the parties, and that the appellee had induced appellant to enter into the stipulation by fraudulently and perjuriously misrepresenting his financial status. Such allegations are insufficient to support a motion for rehearing where, as here, the evidence tending to show that appellee allegedly concealed his assets was available to appellant prior to the final hearing and was even the subject of inquiry by appellant during appellee’s deposition. Where a party has access to such evidence prior to trial or hearing, yet fails to show any excuse or justification for her failure to introduce the evidence at the trial or hearing, her motion for rehearing is properly denied. Mahan v. Parliament Insurance Co., 382 So.2d 402 (Fla. 4th DCA 1980). Accordingly, we affirm the trial court’s ultimate denial of appellant’s amended motion for rehearing.
We are somewhat disturbed by the erratic progress of this dissolution proceeding in the court below, and by the fact that judicial resources, as well as the time and resources of the attorneys, the parties and the witnesses, appear to have been wasted in preparation for a rehearing which was never actually ordered.
Although we sympathize with appellant, whose expectations of a rehearing were dashed, the trial judge did not commit reversible error in ultimately denying the amended motion for rehearing. An order does not take effect until signed and filed, *930 and a court’s oral pronouncement at a motion hearing amounts only to a statement of the court’s present intention as to how it will rule. Barry v. Robson, 65 So.2d 739 (Fla.1953); Anders v. Anders, 376 So.2d 439 (Fla. 1st DCA 1979). The fact that the parties obviously believed that the amended motion for rehearing had been orally granted on or about April 17, 1980 cannot cure the absence from the record of a written and signed order granting the rehearing.
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.