419 So.2d 354 (1982)
Vicki Elaine LISENBY, Appellant,
v.
Curtis Leon LISENBY, Appellee.
No. AL-248.
District Court of Appeal of Florida, First District.
September 9, 1982.
Rehearing Denied October 1, 1982.
*355 James H. White, Jr., Law Offices of Robert B. Staats, P.A., Panama City, for appellant.
William E. Harris, of Johnston, Harris & Gerde, Panama City, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
The mother appeals from the circuit court's order entered in March 1982 modifying the final dissolution judgment, entered in 1977, to change custody of the parties' eight-year-old daughter from the mother to the father. In the order changing custody the circuit judge found only that "it is in the best interest of the child" that custody be changed from the mother, who had custody five years, to the father.
There being no elaboration of this finding in the order, we have examined the record for substantial competent evidence supporting, on any conceivable ground, this change in custodial arrangements. We find no evidence having that effect. Although the mother and daughter lived with another man for some eighteen months after the divorce, and the mother subsequently had sexual relations with a new boyfriend whom she married shortly before the hearing, there is no evidence of extramarital sexual activity in the presence of the child or of a substantial change in the child's living conditions that in fact adversely affected the child, who has a normal loving relationship with her mother. The substantial evidence required for a change of custody once decreed, as distinguished from that necessary to move the judge's discretion in the first instance, is simply not present. Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982).
The appellant mother's brief reveals that the testimony of one witness, operator of the day care center where the child stayed during the mother's working hours, was not reported and so not transcribed and included in the record. Appellant represents that the subject of this testimony was appellant's tardiness several times, up to an hour, in picking the child up from the center. The appellee father's brief makes no contention that this missing testimony supplied evidence that the mother's custody adversely affected the child.
The order removing the child from the mother's custody is therefore REVERSED, and custody is restored to the mother. Any petition for rehearing will be filed within five days.
THOMPSON, J., concurs.
SHIVERS, J., dissents, with opinion.
SHIVERS, Judge, dissenting.
I respectfully dissent. The able trial judge's order comes to us clothed with a presumption of correctness. We do not have a complete record, as some of the testimony was not transcribed and was not stipulated. I do not see how we can reverse the trial judge, who not only heard all of the testimony but observed the witnesses as they testified. However, the trial judge should explicate his finding that the best interest of the child warrants modification. I would remand for this purpose.