422 So.2d 1013 (1982)
Loleta Robin JOHNSON, Appellant,
v.
James Stanley JOHNSON, Appellee.
No. AL-224.
District Court of Appeal of Florida, First District.
November 24, 1982.
Carroll Cayer, Jacksonville, for appellant.
Frederic C. Buttner, Jacksonville, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
The circuit court changed permanent custody of the parties' four-and-a-half year-old daughter from the mother, to whom permanent custody had been granted by stipulated judgment dissolving the marriage two years earlier, to the father. On the mother's appeal we have carefully examined the record for evidence tending to show, as required for change of custody previously ordered by judicial decree, that the mother's custody substantially changed the child's living conditions in a way adversely affecting the child. Lisenby v. Lisenby, 419 So.2d 354 (Fla. 1st DCA 1982); Culpepper v. Culpepper, 408 So.2d 782 (Fla. 2d DCA 1982).
Putting aside credibility questions as beyond our province, we find substantial competent evidence that the child's welfare was in fact adversely affected in the mother's custody: she moved to Canada, where she had no stable immigration status and was financially dependent upon a man in process of divorce, with whom she lived in expectation of eventual marriage; the child displayed anxiety over the situation, as evidenced by spontaneous statements that were admissible to show her state of mind, section 90.803(3), Florida Statutes (1981); and the child lost, during her Canadian absences, a regular and continuing relationship with her Jacksonville father, which on this particular record could have been regarded as especially beneficial. Although the circuit court's order did not articulate these factors, which would have been desirable, it is enough that the record displays them.
Lisenby and Culpepper make clear that proceedings for changing child custody once judicially decreed are not occasions for monitoring, in morally judgmental terms not demonstrably related to the child's welfare in fact, the post-dissolution sexual or other personal conduct of the custodial parent. See also Dinkel v. Dinkel, 322 So.2d 22 (Fla. 1975). We find no suggestion here that the able circuit judge departed from the appropriate standard. We note that the modification order reserves ample visitation privileges to the mother.
AFFIRMED.
McCORD and MILLS, JJ., concur.