WIGGINTON, Judge.
This expedited appeal by Patti Carty from an adverse ruling on her change-of-child-custody motion, leaving legal custody of the parties’ eleven year old child in Joe Carty, changing physical custody of the child from Patti to Joe and denying Patti’s motion for a new trial and rehearing, is affirmed.
Despite Patti’s contention that the lower court’s order fails to articulate ade *363 quately its findings calculated to justify a physical custody change favoring child-Joey’s best interest, a review of the relatively brief record including the testimony of Patti, Joe, a clinical psychologist and the several exhibits reveals ample competent evidence to support the conclusion that it was in the child’s best interest that Joe continue to have custody. See Johnson v. Johnson, 422 So.2d 1013 (Fla. 1st DCA 1982). The trial judge’s findings and conclusions are affirmed.
Patti’s motion for rehearing and new trial sought an additional hearing to adduce evidence and testimony available at the time of the modification hearing but not presented due to the tactical decision of her counsel, relying particularly on the authority of Meadows v. Meadows, 78 Fla. 576, 83 So. 392 (1919). There, the mother was awarded custody of the minor child in a final decree. The father’s post-decretal petition seeking a change in the custody of the child on the grounds that the mother was unfit, had been denied by the lower court. On appeal our supreme court held that:
Assuming that the mentioned subsequent order is also appealed from, and that such order in effect held the awarding of the custody of the child by the final decree to be res adjudicata as to the conduct of the mother prior to the rendering of the final decree, such order is reversed, as the proper custody of the minor child is a proper subject for consideration by the chancellor at any time, even if facts in issue could have been considered at a previous hearing, if such facts were not presented or considered at a former hearing.
(Emphasis supplied). Id. 83 So. at 392-393.
Counsel for Patti conceded that the motion was not grounded on newly discovered evidence and the proffered evidence was known to her prior to the modification hearing. The trial judge, after examining the basis of the motion, hearing the proffer, and reviewing the hearing transcript, denied the motion and again concluded that it was his view that Joey’s best interest would be served by his custody being placed primarily with his father. The lower court found no acceptable reason or excuse for failure to present the evidence and observed that Patti’s trial attorney handled the case in a competent and professional manner.
In Dalton v. Dalton, 412 So.2d 928 (Fla. 1st DCA 1982), the wife appealed from a final order denying her amended motion for rehearing and affirming a prior order of dissolution of marriage. This Court determined the affidavits filed in support of her motion to be insufficient, reasoning:
Such allegations are insufficient to support a motion for rehearing where, as here, the evidence tending to show that appellee allegedly concealed his assets was available to appellant prior to the final hearing and was even a subject of inquiry by appellant during appellee’s deposition. Where a party has access to such evidence prior to trial or hearing, yet fails to show any excuse or justification for her failure to introduce the evidence at the trial or hearing, her motion for rehearing is properly denied.
(Emphasis supplied). Id. at 929.
The trial judge must be permitted to consider the totality of components before him so as to exercise properly his discretion to grant, or not to grant, rehearing, even in these highly sensitive custody disputes. The reasons assigned by the court in its order of denial did not exhibit an abuse of judicial discretion and although instructive were harmless and not required by law. See R.W. Stoner v. W.G., Inc., 300 So.2d 268 (Fla. 2d DCA 1973). Denial of the motion was not error.
We note in the conclusory comments of Patti’s brief that she is not suggesting a remand for rehearing to adduce the additional facts contained in her motion. Instead, she seeks reversal and remand for entry of an order awarding her permanent legal as well as physical custody of Joey and setting of Joe’s child support obligation. However, having disposed of the legal issues raised, no remand is required in any event, as the orders appealed are affirmed.
JOANOS and ZEHMER, JJ., concur.