LETTS, Judge.
At issue is the validity of an out-of-court revision of an original property settlement agreement, the latter incorporated in the final judgment of dissolution.
The wife’s attorney drafted the out-of-court modification which she now claims she only executed because she was ill, financially unable to cope and so that her husband would cease to harass her. Although the wife initially complied with the revision, she later refused to abide by it. Thereupon, the husband sought in court to enforce the revision and have the original agreement modified, claiming a substantial change in circumstances.
After the hearing, during which the court announced that both were fit parents, and during which the mother filed a counter-petition, the trial judge concluded that the out-of-court revision was “knowingly, voluntarily and intelligently entered into by both parties” and ordered its enforcement. However, this order made no mention of a substantial change in circumstances nor of the best interests of the children. Notwithstanding the lack of any finding as to these two matters, the record reflects competent and substantial evidence, albeit disputed, to support same.
The out-of-court revision provided for a change in residential custody. Under the original court approved agreement, the primary custody was given to the wife, whereas the out-of-court revision split the primary custody into alternate six month periods. There was testimony that the wife initially wanted that change so she could go to Paris, France with her boyfriend. Evidence was also adduced to show substantial improvement in school grades while the children were with the father and decline while with their mother.[1] Moreover, there was testimony that the wife has major health problems and relegates the care of the children to the back burner when her boyfriend is around.
None of this alleged conduct by the wife appears to be fatally damning, but under the teachings of Canakaris,[2] it would be difficult to label the trial judge’s solution an abuse of discretion. There was evidence to support the theory that the best interests of the children have been served and that the custody modification also represents changed circumstances justifying the modification of support. The finding that the revision was voluntarily and freely entered into is a factual one that we cannot disturb on appeal.
The wife urges upon us the case of Hood v. Hood, 479 So.2d 269 (Fla. 1st DCA 1985), in which the First District disapproved of an out-of-court revision to a settlement agreement incorporated in the final judgment. However, that disapproval was predicated on the trial court’s specific finding that there was no substantial change in circumstance. Sub judice, a change in circumstance was alleged by both the husband and the wife and a hearing held on that issue. Also, it certainly was not error to take into consideration the out-of-court revision drawn up by the wife’s attorney. See Hood.
Finally, we find no authority for the wife’s proposition that the trial judge must make findings of fact. To the contrary Vandergriff v. Vandergriff, 456 So.2d 464 (Fla.1984); Carty v. Carty, 436 So.2d 362 (Fla. 1st DCA 1983), and Johnson v. Johnson, 422 So.2d 1013 (Fla. 1st DCA 1982), all indicate otherwise. As was stat *84 ed in McIntyre v. McIntyre, 452 So.2d 14, 19 (Fla. 1st DCA 1984):
We conclude that the pleadings before the court adequately presented a material and substantial change in the condition affecting custody of the minor children. Although no specific finding that a change of conditions justifying modification was made by the trial judge, such a finding is unnecessary. It is enough that the record displays it. [Emphasis added.]
AFFIRMED.
HERSEY, C.J., and WALDEN, J., concur.

. One of the two children was the mother’s by a previous marriage, but that is not an issue.

. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).