**In re Patti Mais HERKE, Debtor.**

**HOUSEHOLD FINANCE CORPORATION,**
**Plaintiff,**

**v.**

**Patti Mais HERKE, Defendant.**

**Bankruptcy No. 88–02553–BKC–SMW.**
**Adv. No. 88–0440–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 21, 1988.

William J. McPharlin, Fort Lauderdale, Fla., for debtor.

Mathew J. Schaeffer, Fort Lauderdale, Fla., for creditor.

Milton G. Friedman, Fort Lauderdale, Fla., trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Household Finance Corporation (the "creditor") against Patti Mais Herke (the "debtor") to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(B) and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

In November 1987 the debtor obtained an extension of credit from the creditor. The debtor was required to fill out a financial statement wherein she listed her debts. However, the debtor did not disclose on her financial statement her outstanding medical bills.

In early 1987 the debtor underwent medical treatment for which she incurred medical expenses in excess of $10,000.00. As customary, the debtor presented her medical bills to Blue Cross and Blue Shield of Florida ("Blue Cross") for full payment under her policy as she had previously done on many occasions. After negotiating with the creditor for the extension of credit, Blue Cross notified the debtor that they were uncertain if her medical bills would be covered under her policy due to the innovative treatment the debtor had undergone. Immediately, the debtor tried to resolve the payment of her medical bills with Blue Cross but was unsuccessful and, therefore, the controversy is still unresolved. Thereafter, in July 1988, the debtor filed for bankruptcy and listed her medical bills as debts.

The creditor argues that the debtor's debt should be excepted from discharge because she failed to disclose her outstanding medical bills on the financial statement. In order to preclude the discharge of a particular debt, the burden is on the creditor to prove the debtor's culpability by clear and convincing evidence. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir.1986). Under 11 U.S.C. § 523(a)(2)(B) the creditor must prove the following:

(a) A discharge under 727, 1141 or 1328(b) of this title does not discharge an individual from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

In addition, the debtor must be guilty of "active and intentional wrongdoing by misrepresentation and deceit." *Lippert v. Sather (In re Lippert)*, 84 B.R. 612, 617 (Bankr.D.Minn.1988).

■ The debtor does not dispute the fact that she did not list her medical bills on the financial statement. Rather, the debtor testified that it was her belief that all of the medical bills were to be paid by Blue Cross as they had done on prior occasion. The Court is aware that a debtor's assertion of honest motives and innocent intent may be insufficient to rebut the admitted facts unless additional evidence is presented. *Investors Consumer Corporation, Inc., v. Goff (In re Goff)*, 17 B.R. 564, 567 (Bankr.W.D.Ky.1982). However, the Court finds that the additional evidence and facts presented indicate that the debtor's belief was reasonable based on her prior dealings with Blue Cross with regards to the payment of her bills. In fact, Blue Cross had paid more than $50,000.00 for medical treatment the debtor received in 1986 and, therefore, she believed that Blue Cross would pay for the remainder of the treatment. Therefore, the Court finds that debtor did not intent to deceive the creditor by failing to list her medical bills on the financial statement.

Based upon the foregoing facts, this Court finds that the creditor has failed to prove the elements under 11 U.S.C. § 523(a)(2)(B) and, therefore, the debt is dischargeable.

DONE and ORDERED.