564 So.2d 539 (1990)
STUART L. STEIN, P.A., and Stuart L. Stein, Esquire, Appellants,
v.
MILLER INDUSTRIES, INC., Appellee.
No. 89-1296.
District Court of Appeal of Florida, Fourth District.
July 5, 1990.
Rehearing and Clarification Denied August 22, 1990.
Steven R. Berger of Wolpe, Leibowitz, Berger & Brotman, Miami, for appellants.
G. Ware Cornell, Jr. and Robert J. Slotkin of G. Ware Cornell, Jr., P.A., Fort Lauderdale, for appellee.
FRANK, RICHARD H., Associate Judge.
A substantial jury verdict and a final judgment arising from a civil theft action initiated in May of 1986 pursuant to Chapter 812, Florida Statutes (1983), were entered against Stuart L. Stein. The trial occurred from January 30 through February 1, 1989. In his challenge to the final judgment, Stein presents four points, each of which we have fully considered; only one is meritorious. Embedded within his contention that the trial court erroneously denied his motion for a directed verdict is the question of whether the trial court erred when it refused his requested jury instruction grounded upon the "clear and convincing" standard of proof. "In a civil proceeding, if a party submits a written request for a jury instruction, and it is rejected by the trial court, the issue is preserved for appellate review without more." Middelveen v. Sibson Realty, Inc., 417 So.2d 275, 277 (Fla. 5th DCA 1982). To reach the pivotal question we answer in this proceeding does not require that we *540 recount the factual setting forming the claims asserted against Stein or to detail each of the events associated with the trial.
Following the filing of the amended complaint but before the commencement of the trial, the legislature amended section 812.035, which at the time this action began provided a cause of action and a civil remedy to "any person ... injured in any fashion by reason of any violation of ss. 812.012-812.037... ." The statute's amendment, effective October 1, 1986, eliminated reference to "any person" and confined the statutory civil action for damages to the "state, including any of its agencies, instrumentalities, subdivisions, or municipalities... ." The amendatory process relocated that aspect of section 812.035 conferring the ability of "any person" to pursue a civil theft claim to section 772.104 and elevated the standard of proof to the "clear and convincing" level. Hence, at the moment when Stein's trial began, the question was whether proof of the alleged cause of action was governed by the then newly created section 772.104. The trial court, in rejecting Stein's proposed instruction apparently concluded that section 772.104's "clear and convincing" standard was not applicable.
Against the foregoing backdrop, an appropriate basis for determining this matter is found in the Second District's recent opinion in Ziccardi v. Strother, No. 89-01538 (Fla. 2nd DCA May 18, 1990) [15 F.L.W. D1382]. The analysis in Ziccardi points up that the legislative modifications affecting sections 812.035(7) and 772.104 did not alter vested rights. Rather, consistent with Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977), increasing the burden of proof to a "clear and convincing" standard did not amount to a substantive change in the statutory scheme. In sum, we concur in the Ziccardi view that section 772.104 was a remedial reenactment undertaken for the purpose of realigning the criminal code. In that circumstance, the standard of proof prescribed in section 772.104 and sought by Stein's requested instruction was retrospectively applicable and the correct standard with which the jury should have been charged.
We vacate that portion of the final judgment imposing liability upon Stein for civil theft and remand for a new trial of that count of the amended complaint.
AFFIRMED IN PART; REVERSED IN PART.
POLEN and GARRETT, JJ., concur.