In re Michael MARSOWICZ and Deborah Marsowicz f/k/a Deborah Reichkind, Debtors.

Terry Ellen FIXEL and August La Rocco, Plaintiffs,

v.

Michael MARSOWICZ, Interiors by Michael Marsowicz, Inc., and Debbie Reichkind, jointly and severally, Defendants.

Bankruptcy No. 90–21632–BKC–SMW. Adv. No. 90–0246–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 23, 1990.

August La Rocco, Hollywood, Fla., for plaintiffs.

Richard L. Freedman, Ft. Lauderdale, Fla., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court upon the complaint of Terry Ellen Fixel and August La Rocco (the "creditors") against Michael Marsowicz and Debbie Reichkind (the "debtors"), and Interiors By Michael Marsowicz, Inc., to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6), and the Court having examined the evidence presented, considered the arguments of counsel, and being otherwise fully ad-

vised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

The creditors obtained a default judgement as to liability, and a jury verdict as to damages, against the debtors and Interiors By Marsowicz, Inc., in the Seventeenth Circuit Court in and for Broward County, Florida, in the case styled *Terry Ellen Fixel and August La Rocco v. Michael Marsowicz, Interiors By Michael Marsowicz, Inc., and Debbie Reichkind,* Case No. 89–03739 CR. At the trial of this adversary proceeding, the creditors argued that the prior judgment of the state court collaterally estopped the debtors from contesting the indebtedness owed to the creditors or the facts on which the creditors base their claim of nondischargeability. Accordingly, the creditors moved into evidence a certified copy of the state court case file. Included in the file were the Complaint, the Default, the Order Granting Plaintiff's Motion for Summary Judgement, the Jury Verdict, the Final Judgment, and a copy of the trial transcript. The debtors introduced no additional testimony or documentary evidence, and raised no substantive objection to the creditors' position. The debtors did voice an objection to the continuance granted by this Court which afforded the creditors the opportunity to compile the documentary evidence which was introduced by them. However, this Court had addressed, and overruled, the debtors' objection when the Court granted the creditors the continuance.

A review of the state court record reveals the facts which form the basis of this adversary proceeding. In October, 1988, the creditors signed a series of contracts with Michael Marsowicz. Pursuant to the agreements, Marsowicz obligated himself to design and install a custom bathroom in the home of the creditors located in Hollywood, Florida. As consideration, the creditors advanced several checks to the debtors totaling $35,501.31. These checks were negotiated and cashed by the debtors and reflected the amounts due for materials, labor, and all other expenses necessary to construct the bathroom. As additional consideration, the creditors, who are attorneys, also assisted the debtors in their efforts to have their business incorporated under the name Interiors by Marsowicz, Inc., and in obtaining a Florida sales tax number on behalf of the corporation.

By January of 1989, the creditors had encountered various problems with the construction work performed by Michael Marsowicz. The creditors discovered that the work was not being performed; that the work would not be completed on time, if at all; that the construction which had been completed did not comply with the contract terms; and that many suppliers had not been paid and were making demand for payment from the creditors. Aware that they would need to contract with someone else to have the construction work completed, the creditors approached Marsowicz demanding the return of their money. Marsowicz explained that he had encountered some difficulties and that he did not have the money. Marsowicz was willing, however, to execute a promissory note in favor of the creditors wherein he agreed to repay the creditors the amounts paid to him and for which no work had been performed. Accordingly, on January 18, 1989, Marsowicz executed a note in favor of the creditors in the amount of $20,324.47, with interest accruing at the rate of ten percent per annum.

The creditors then contracted a third party to repair the defective work performed by Marsowicz and expended an additional $28,335.00 in that regard. Additionally, the creditors made several payments to suppliers who had provided materials to Marsowicz, allegedly to be used in the construction of the bathroom in the creditors' home, and who had been issued worthless checks by Marsowicz. The creditors paid an additional $3,000.00 to these suppliers who had made personal demands on them.

Marsowicz made only one payment to the creditors under the note and then defaulted. The creditors then instituted the state court action seeking to recover the monies paid to the debtors, the monies paid to suppliers to cover the bad checks issued to them by Marsowicz, and the monies paid to the other contractor in order to complete the construction on their home. The complaint consisted of eight counts; promissory note, conversion, fraud and misrepresentation, civil theft, accounting, conspiracy, breach of contract and breach of warranty.

The debtors did not answer the complaint of the creditors and a default was entered by the court as to liability. A jury trial was held as to damages wherein the state court gave a verbal instruction as to each count of the creditors' complaint. The jury returned a verdict for the creditors in the amount of $51,446.55. This amount was trebled by the state court judge, and Final Judgment was entered on December 19, 1989, against the debtors and Interiors By Marsowicz, Inc., jointly and severally, in the amount of $154,339.65, plus attorney's fees in the amount of $3,500.00, and costs in the amount of $359.75. Thereafter, the debtors filed their petition under Chapter 7 of the Bankruptcy Code. The creditors then commenced this adversary proceeding seeking to except the state court judgment from discharge.

The Eleventh Circuit has determined that collateral estoppel may be applied to foreclose relitigation of certain facts in a dischargeability proceeding. *In re Halpern*, 810 F.2d 1061 (11 Cir.1987); *In re Held*, 734 F.2d 628 (11 Cir.1984). Accordingly, this Court has given issue preclusion effect to final judgments entered by federal courts by applying federal collateral estoppel law. *In re Powell*, 95 B.R. 236 (Bankr. S.D.Fla.1989); aff'd, 108 B.R. 343 (S.D.Fla. 1989). However, in determining whether a state court judgment should be given collateral estoppel effect in this forum, this Court must initially focus its inquiry on Title 28, Section 1738, which requires this Court to give full faith and credit to judicial proceedings of any state court. 28 U.S. C.A. § 1738 (WEST 1990); *In re Daniels*, 91 B.R. 981, 982 (Bankr.M.D.Fla.1988).

Secondly, this Court is required to determine whether state law would allow the judgment to have an issue preclusion effect. *In re Daniels*, 91 B.R. at 983. Therefore, this Court must begin by determining whether the state court judgment entered against the debtors would be given collateral estoppel effect under Florida law.

The party seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied. *In re McWhorter*, 887 F.2d 1564, 1566 (11 Cir.1989). The elements of collateral estoppel are met, under Florida law, if the parties and issues are identical and the matter has been fully litigated and conclusively determined in a court of competent jurisdiction. *Mobil Oil Corp. v. Shevin*, 354 So.2d 372 (Fla.1977); *West Point Construction Co. v. Fidelity and Deposit Company of Maryland*, 515 So.2d 1374 (Fla. 3d DCA 1987). In Florida, a default judgement *conclusively establishes* between the parties, so far as subsequent proceedings on a different cause of action are concerned, *the truth of all material allegations contained in complaint* in the first action and every fact necessary to uphold the default judgment, but the judgment is not conclusive as to any defensive issue which was not raised and is not necessary to uphold the default. *Perez v. Rodriguez*, 349 So.2d 826 (Fla. 3d DCA 1977) (emphasis added); *Baum v. Pines Realty, Inc.*, 164 So.2d 517 (Fla. 2d DCA 1964). Similarly, for purposes of res judicata, a judgment entered upon a default is just as conclusive as one which was hotly contested. *Cabinet Craft, Inc. v. A.G. Spanos Enterprises, Inc.*, 348 So.2d 920 (Fla. 2d DCA 1977). Under Florida law, a default judgment rendered by a court of competent jurisdiction is not amenable to collateral attack. *Ennis v. Giblin*, 147 Fla. 113, 2 So.2d 382 (1941). Therefore, the fact that a default was entered against the debtors in the state court action will not preclude this Court from applying collateral estoppel to the state court judgment.

Through this adversary proceeding, the creditors seek to except the state court

judgment pursuant to 11 U.S.C. § 523(a)(2)(A). Under section 532(a)(2)(A), a debt will be excepted from discharge when it is obtained by "false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A). In order for a creditor to prevail on a dischargeability count under section 523(a)(2)(A), four elements must be proven by clear and convincing evidence:

1. That the debtor made a false representation with the purpose and intention of deceiving the creditor;

2. That the creditor relied on the representation;

3. That the creditor's reliance was reasonably founded; and,

4. That the creditor sustained the alleged damages and loss as a result of those misrepresentations.

*In re Hunter,* 780 F.2d 1577, 1579 (11th Cir.1986).

By virtue of the default judgment entered against the debtors in the state court, the state court conclusively found all the material allegations of the creditors' complaint to be true. *See, Perez,* 349 So.2d at 827. In Count II of the state court complaint, the creditors alleged a cause of action for fraud and misrepresentation. Specifically, the creditors alleged that Michael Marsowicz made false representations concerning his professional qualifications and experience, that these representations were known by Marsowicz to be false and were made to induce the creditors to contract for his services, and that the creditors relied on these representations to their detriment resulting in damages.

Additionally, in Count IV of the state court complaint, the creditors alleged a cause of action for civil theft under Florida statutory law. Fla.Stat.Ann., § 812.012 (WEST 1990). A party seeking to recover under Florida's civil theft law must prove his case by clear and convincing evidence. *See, Stein v. Miller Industries, Inc.,* 564 So.2d 539 (Fla. 4th DCA 1990); Fla.Stat. Ann. § 772.104 (WEST 1990). This is the same standard of proof which this Court must apply in determining whether the debt owed by the debtors to the creditors is

dischargeable. *In re Hunter,* 780 F.2d at 1579; *In re Herke,* 92 B.R. 962 (Bankr.S.D. Fla.1988).

The requirements of Florida collateral estoppel law have been satisfied so as to preclude the relitigation of the issues conclusively adjudicated in the state court by virtue of the default and final judgement. The state court properly exercised jurisdiction over both the parties and the subject matter of the litigation. The issues presented before the court in the prior action included a claim for fraud alleging the identical elements required to sustain a claim of nondischargeability under 11 U.S.C. § 523(a)(2)(A). The facts underlying the claim for fraud were litigated and their truth was conclusively determined by virtue of both the default, and the subsequent jury trial. Issue preclusion prevents the debtors from relitigating the truth of these allegations. Therefore, applying collateral estoppel to the state court judgment, this Court finds that the debt owed by the debtors to the creditors is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

The creditors also seek to except the discharge of the state court judgment pursuant to 11 U.S.C. § 523(a)(4). Section 523(a)(4) excepts from discharge a debt incurred by "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...." 11 U.S.C. § 523(a)(4). Federal law is controlling as to the definition of embezzlement for dischargeability purposes. *Matter of Jenkins,* 110 B.R. 74 (Bankr.M.D.Fla.1990). Embezzlement is "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Matter of Jenkins,* 110 B.R. at 76. It is not necessary to establish a fiduciary relationship in order to establish a claim of nondischargeability based on embezzlement. *In re Crosswhite,* 91 B.R. 156 (Bankr.M.D.Fla.1988).

In this case, the facts as plead in the state court complaint conclusively establish that the debtors appropriated, for their own use, the funds entrusted to them by the creditors. The checks were issued by the creditors to the debtors to cover the

construction costs and expenses. Instead, the debtors negotiated and cashed the checks. The debtors appropriated these funds to their own use. Again, under the principles of collateral estoppel the debtors are precluded from contesting the truth of the allegations underlying the state court judgment. Accordingly, this Court also finds that the state court judgment is excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).

With respect to the creditors' claims under 11 U.S.C. § 523(a)(6), the Court does not address, and makes no findings regarding, those particular allegations of the creditors' complaint.

Based upon the foregoing facts, this Court finds that the creditors have proven the elements under 11 U.S.C. § 523(a)(2)(B) and (a)(4), and, therefore, the debt is non-dischargeable.

DATED and SIGNED.