In re Michael ARGUEZ and
Sonia Arguez, Debtors.

MAXIMUS INTERNATIONAL
TRADING CORPORATION,
Plaintiff,

v.

Michael ARGUEZ and Sonia Arguez,
Debtors/Defendants.

Bankruptcy No. 91–22714–BKC–SMW.
Adv. No. 91–0796–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Nov. 19, 1991.

Brian Behar, Miami, Fla., for plaintiff.

Susan R. Brown, Fort Lauderdale, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE having come before the Court on October 23, 1991, upon the Complaint of MAXIMUS INTERNATIONAL TRADING CORPORATION ("MAXIMUS"), against MICHAEL ARGUEZ and SONIA ARGUEZ (the "DEBTORS"), to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6), and MAXIMUS' Motion For Summary Judgment against the DEBTORS pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure and Rule 7056 and Rule 56 of the *Federal Rules of Civil Procedure* (the "MOTION"), and the Court having examined the evidence presented, considered the arguments of counsel and being otherwise fully advised in the premises does hereby make the following findings of fact and conclusions of law:

1. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b), and the District Court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

2. Prior to the commencement of the bankruptcy case, MAXIMUS obtained a Default Order as to liability, and after a bench trial, a Final Judgment as to damages, against the DEBTORS in the Eleventh Judicial Circuit Court in and for Dade County, Florida, in the case styled *Maxi-*

*mus International Trading Corporation, etc. vs. Sonia Arguez and Michael Arguez, etc., et al,* Case No. 89–55522–CA–11, (hereinafter the "STATE COURT PROCEEDING").

3. At the hearing on the MOTION, MAXIMUS argued that the prior judgment of the State Court collaterally estopped the DEBTORS from contesting the indebtedness owed to MAXIMUS or the facts on which MAXIMUS bases its claim of non-dischargeability. Filed simultaneously with the MOTION is the Affidavit of one JOHN MADERAL ("MADERAL AFFIDAVIT"), the president of MAXIMUS who attests to the existence of the Amended Complaint in the STATE COURT PROCEEDING, the entry of the Default Order, and the subsequent entry of the Final Judgment. The DEBTORS have not introduced any testimony or documentary evidence to suggest that the aforesaid documents which were attached to the MADERAL AFFIDAVIT are not true copies of actual documents in the STATE COURT PROCEEDING file, and the DEBTORS did not otherwise introduce any additional material or documentary evidence that raises a substantial objection to MAXIMUS' position.

4. A review of the State Court record reveals the facts which form the basis of this adversary proceeding. In October 1989, MAXIMUS and the DEBTORS entered into a contract wherein MAXIMUS was to provide the DEBTORS with seafood products. The product had a value of $7,081.35, and the specific payment term that was agreed to between the parties was cash on delivery.

5. Based on these representations by the DEBTORS that they would purchase the product as agreed, MAXIMUS delivered the product to the DEBTORS. Repeated attempts by MAXIMUS to acquire the payment were unsuccessful. Indeed, to date MAXIMUS has not been paid for that debt, and has therefore suffered financial damage.

6. MAXIMUS thereafter commenced the STATE COURT PROCEEDING, subsequently filing an Amended Complaint, a true copy of which is attached to the MADERAL AFFIDAVIT. The Amended Complaint consists of six (6) counts against the DEBTORS, including a separate count for fraud and a separate count for civil theft pursuant to the relevant Florida Statutes 812.014 and 772.11.

7. Although the DEBTORS' answered the Complaint, based on their failure to prosecute the STATE COURT PROCEEDING, an Order of Default was entered by the State Court as to liability against the DEBTORS. A true copy of this Default Order is attached as an exhibit to the MADERAL AFFIDAVIT. Subsequently a bench trial was held as to damages. A Final Judgment was entered after the bench trial. A true copy of the Final Judgment is attached as an exhibit to the MADERAL AFFIDAVIT. The clear terms and provisions of the Final Judgment reveal that despite the entry of a default as to liability against the DEBTORS, MAXIMUS put on its entire case. Indeed, contained in the Final Judgment is the deliberate statement by the State Court that

"[MAXIMUS] has proved all the allegations contained in the Amended Complaint."

Furthermore, it appears from the clear provisions of the Final Judgment that substantial testimonial evidence was taken by the State Court to find that a fraud had been committed against MAXIMUS by these DEBTORS, as evidenced by the State Court finding in the Final Judgment stated

"the Court also heard evidence from various other witnesses who testified that the [DEBTORS] had defrauded them of their property in similar schemes. The Court finds that the fraud perpetuated by the [DEBTORS] in this cause is pursuant to a course of conduct engaged by the [DEBTORS] in defrauding vendors of their product."

The State Court entered a Final Judgment against the DEBTORS for compensatory damages in the amount of $7,081.35, prejudgment interest in the amount of $1,205.00, and punitive damages/treble damages in the amount of $24,857.88, for a total judgment amount against the DEBT-

ORS in the sum of $33,144.23. Thereafter the DEBTORS filed their Petition under Chapter 7 of the Bankruptcy Court. MAXIMUS then commenced this adversary proceeding seeking to except the State Court judgment from discharge.

■ 8. The Eleventh Circuit has determined that collateral estoppel may be applied to foreclose re-litigation of certain facts in a dischargeability proceeding. *In re, Halpen,* 810 F.2d 1061 (11th Cir.1987); *In re, Held,* 734 F.2d 628 (11th Cir.1984). Accordingly, this Court has given issue preclusion effect to final judgments entered by federal courts by applying federal collateral estoppel law. *In re, Powell,* 95 B.R. 236 (Bankr.S.D.Florida 1989), aff'd, 108 B.R. 343 (S.D.Florida 1989). However, in determining whether a State Court judgment should be given collateral estoppel effect in this forum, this Court must initially focus its inquiry on Title 28, Section 1738, which requires this Court to give full faith and credit to judicial proceedings of any state court. 28 U.S.C.A. § 1738 (West 1990); *In re, Daniels,* 91 B.R. 981, 982 (Bankr.M.D.Florida 1988). Secondly, this Court is required to determine whether a State law would allow the judgment to have an issue preclusion effect. *In re, Daniels,* 91 B.R. at 983. Therefore, this Court must begin by determining whether the State Court judgment entered against the DEBTORS will be given collateral estoppel effect under Florida law.

■ 9. The parties seeking to invoke collateral estoppel bears the burden of proving that the necessary elements have been satisfied. *In re, McWhorter,* 887 F.2d 1564, 1566 (11th Cir.1989). The elements of collateral estoppel are met under Florida law, if the parties and issues are identical and the matter has been fully litigated and conclusively determined in a Court of competent jurisdiction. *Mobile Oil Corp. v. Shevin,* 354 So.2d 372 (Fla. 1977); *West Point Construction Co. v. Fidelity and Deposit Company of Maryland,* 515 So.2d 1374 (Fla. 3rd D.C.A.1987). In Florida, a default judgment *conclusively establishes* between the parties, so far as subsequent proceedings on a different

cause of action are concerned, *the truth of all material allegations contained in the complaint* in the first action and every fact necessary to uphold the default judgment, but the judgment is not conclusive as to any defense of issue which is not raised and it is not necessary to uphold the default. *Perez v. Rodriguez,* 349 So.2d 826 (Fla. 3rd D.C.A.1977) (emphasis added); *Baum v. Pines Realty, Inc.,* 164 So.2d 517 (Fla. 2d D.C.A.1964). Similarly, for purposes of *res judicata* a judgment entered upon a default is just as conclusive as one which was hotly contested. *Cabinet Craft, Inc. v. A.G. Spanos Enterprises, Inc.,* 348 So.2d 920 (Fla. 2d D.C.A.1977). Under Florida law a default judgment rendered by a court of competent jurisdiction is not amenable to collateral attack. *Ennis v. Giblin,* 147 Fla. 113, 2 So.2d 382 (1941). Therefore, the fact that a default was entered against the DEBTORS in the State Court action will not preclude this Court from applying collateral estoppel to the State Court judgment.

■ 10. Through this adversary proceeding, MAXIMUS seeks to except the State Court judgment pursuant to 11 U.S.C. § 523(a)(2)(A). Under 11 U.S.C. § 523(a)(2)(A) a debt will be excepted from discharge when it is obtained by "false pretenses, a false representation, or actual fraud ..." 11 U.S.C. § 523(a)(2)(A). In order for a creditor to prevail on a dischargeability count under this section, four elements must be proven by proponderance of the evidence: (1) that the debtor made a false representation with the purpose and intention of deceiving the creditor; (2) that the creditor relied on the representation; (3) that the creditor's reliance was reasonably founded; and (4) that the creditor sustained the alleged damages and loss as a result of those misrepresentations. *In re, Hunter,* 780 F.2d 1577 (11th Cir.1986); *Grogan v. Gadner,* — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

11. By virtue of the default and final judgment entered against the DEBTORS in the State Court, the State Court conclusively found all the material allegations of MAXIMUS' Complaint to be true. *See,*

*Perez*, 349 So.2d at 827. In Count V of the state court Amended Complaint, MAXIMUS alleged a cause for fraud. Specifically, MAXIMUS alleged that the DEBTORS made false representations concerning the ability to pay for certain product, that these representations were known by the DEBTORS to be false and were made to induce MAXIMUS to contract with the DEBTORS, and that MAXIMUS relied on these representations to its detriment resulting in damages.

12. Additionally in Count VI of the state court Amended Complaint, MAXIMUS alleged a cause of action for civil theft under Florida statutory law. Fla. Stat.Ann. § 812.014 (West 1990). The parties seeking to recover under Florida Civil Theft Law must prove this case by clear and convincing evidence. *See, Stein v. Miller Industries, Inc.*, 564 So.2d 539 (Fla. 4th D.C.A.1990). This is a standard of proof that is greater than what is required for determining that a debt owed by a debtor to a creditor is non-dischargeable, which only requires a ponderance of the evidence showing. *See, Grogan v. Gadner*, 111 S.Ct. 654.

13. The requirements of Florida collateral estoppel have been satisfied so as to preclude the re-litigation of the issues conclusively adjudicated in the State Court by virtue of the default and final judgment. The State Court properly exercised jurisdiction over both parties in the subject matter of the litigation. The issues presented before the Court in the prior action included a claim for fraud alleging the identical elements required to sustain a claim of non-dischargeability under 11 U.S.C. § 523(a)(2)(A). The facts underlying the claim for fraud were litigated and their truth were conclusively determined by virtue of both the default and the subsequent bench trial. Issue preclusion prevents the DEBTORS from re-litigating the truth of these allegations. Therefore, applying collateral estoppel to the State Court judgment, this Court finds that the debt owed by the DEBTORS to MAXIMUS is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

14. MAXIMUS also seeks to except from the discharge the State Court judgment pursuant to 11 U.S.C. § 523(a)(6), which excepts from the discharge a debt incurred by "for willful and malicious injury by the DEBTORS to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). As recognized by the Eleventh Circuit in *In re, Latch*, 820 F.2d 1163 (11th Cir.1987), the Florida Civil Theft Statute § 812.014 requires by its clear statutory language, an intent to do a wrongful act, in that the liability under this statute must be based on criminal intent. The mere conviction for civil theft allows one to conclude that the acts of the DEBTORS were willful and malicious in nature. A prior Court decision finding a violation of the Florida Civil Theft Statute binds the Bankruptcy Court to give collateral estoppel effect to that factual finding in a proceeding seeking to hold said judgment debt non-dischargeable pursuant to Bankruptcy Code § 523(a)(6). *In re, Latch*, 820 F.2d at 1165, 1166.

15. In this case, the facts as plead in the State Court Complaint conclusively established that the DEBTORS deprived and defrauded MAXIMUS through fraudulent and false representations and pretenses, and that the DEBTORS acted intentionally in violation of the Florida Civil Theft Statute. Again, under the principles of collateral estoppel the DEBTORS are precluded from contesting the truth of the allegations underlying the State Court judgment. Accordingly, this Court also finds the State Court judgment is excepted from discharge pursuant to 11 U.S.C. § 523(a)(6).

16. Based upon the foregoing facts, this Court finds that MAXIMUS has proven the elements under 11 U.S.C. § 523(a)(2)(A) and (a)(6), and therefore, the debt is non-dischargeable.