**In re Milo L. CARLSON, Debtor.**

**Gerald HARNER, Malcomb Radcliffe, Jr., Joe Siler and Shirley Siler, Plaintiffs,**

v.

**Milo L. CARLSON, Defendant.**

**Bankruptcy No. 91–1218–RWV–7. Adv. No. 91–670.**

United States Bankruptcy Court, S.D. Indiana, Indianapolis Division.

Dec. 15, 1992.

---

Richard A. Gole, Indianapolis, IN, for defendant.

Richard N. Bell, Cohen & Malad, Indianapolis, IN, for plaintiffs.

## ENTRY DENYING MOTION TO RECONSIDER

### RICHARD W. VANDIVIER, Bankruptcy Judge.

This matter comes before the Court on the Motion to Reconsider, filed on November 20, 1992 by the plaintiffs ("the Movants"), seeking reconsideration of this Court's denial on November 5, 1992 of the Movants' Motion for Summary Judgment on Complaint to Determine Dischargeability ("the Motion for Summary Judgment"), filed on September 17, 1992. The Court now denies the Motion to Reconsider for the following reasons.

■ In denying the Motion for Summary Judgment, the Court concluded that there are genuine issues of material fact precluding summary judgment. In particular, the Court concluded that the default judgment entered by a state court against the Debtor cannot serve to collaterally estop the Debtor from defending this dischargeability complaint. Although collateral estoppel principles do apply in dischargeability proceedings, *see Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991), the requirements for collateral estoppel are not met in the case of a consent, confessed or default judgment because none of the underlying issues is "actually litigated", unless the parties have entered into an agreement manifesting an intent that the judgment be conclusive as to one or more of the issues. *See Bicknell v. Stanley*, 118 B.R. 652, 665–69 (S.D.Ind.1990) (construing and applying Indiana law). In the absence of such an explicit agreement in this case, the Court concluded that collateral estoppel does not apply.

In their Motion to Reconsider, the Movants concede that the basic analysis in *Bicknell v. Stanley* remains sound, but contend that subsequent state court cases have liberalized the requirement that an issue be "actually litigated", so it is satisfied so long as the party against whom issue preclusion is sought has been given a "full and fair opportunity" to litigate the issue previously. The Court, however, finds these cases insufficient to undermine the holding of *Bicknell v. Stanley* as applied to this case.

In one case, *Liberty Mutual Insurance Co. v. Metzler*, 586 N.E.2d 897 (Ind.Ct.App. 1992), the issue was whether an insurer, which was named as a garnishee defendant in proceedings supplemental, was bound by the default judgment its alleged insured has suffered in the underlying case. The Court held that collateral estoppel would apply to an insurer (which, in this case, had full knowledge of the underlying case and had made a decision not to defend the alleged insured), unless (1) the insurer defends the insured under reservation of right in the underlying tort action, or (2) the insurer filed a declaratory judgment action prior to entry of judgment in the underlying tort action. *Id.* at 901. This decision, grounded in the unique law of insurance, does not alter the holding of *Bicknell v. Stanley* as governing authority in this case.

In the second case, *White v. Allstate Insurance Co.*, 591 N.E.2d 586 (Ind.Ct. App.1992), the plaintiff, having suffered an adverse judgment in an action against one insurance company, then sought to bring an action raising the same factual issue against another insurance company. The court found collateral estoppel applied despite the absence of mutuality of estoppel. Because the prior litigation was not resolved by default judgment, this case does not alter the analysis of *Bicknell v. Stanley*.

*White* does, however, supply additional basis for this Court's denial of summary

judgment to the Movants. In *White*, the court indicated that one factor to consider in determining whether a party had a "full and fair opportunity to litigate" an issue is whether the party had the incentive to litigate the issue in the previous proceeding. *See id.* at 590, 592. (In that case, the court found the party did have such incentive.) Another case cited by the Movants, *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390 (Ind.1988), sheds further light on this factor. In that case, the Indiana Supreme Court decided that an administrative proceeding decision granting the plaintiff unemployment compensation should not be given preclusive effect in the plaintiff's subsequent civil action against his former employer. One reason for denying collateral estoppel was the lack of similar incentive to defend the earlier case. "It is altogether likely that Remington would have pursued the appeal [of the award of benefits] had it known McClanahan's intent to file a civil action for substantial damages." *Id.* at 395.

The incentive of a defendant to defend a state court action for damages often differs from the incentive of a bankruptcy debtor to defend a complaint seeking to have a debt declared forever nondischargeable. Defendants in financial distress and often facing suits by numerous creditors may decide to put their financial affairs in order in one forum and one proceeding, i.e. through bankruptcy, rather than through expensive, protracted defenses of multiple suits in diverse venues. This is, in fact, an important benefit bankruptcy affords debtors. A debtor thus may suffer default judgments prior to bankruptcy, relying on their presumptive dischargeability. Only when a creditor holding such a judgment seeks to have its particular debt excepted from discharge will such a debtor have the incentive to mount a defense to the creditor's factual allegations supporting nondischargeability.

The Movants have cited cases applying Florida law in their support. *See In re Kecskes*, 136 B.R. 578 (Bankr.S.D.Fla 1992); *In re Marsowicz*, 120 B.R. 602 (Bankr.S.D.Fla.1990). However, the Florida law of collateral estoppel apparently differs from Indiana's, *see Bicknell v. Stanley, supra*, and that of other states, *see e.g. In re Boyovich*, 126 B.R. 348 (Bankr.W.D.Wash.1991) (Washington law).

 Of course, if the debtor chooses to actually litigate factual issues in a pre-bankruptcy case, collateral estoppel would bar relitigation of adverse factual determinations. That is not, however, what occurred in this case, and thus collateral estoppel does not bar this Debtor from contesting the Movants' factual allegations in this proceeding.

The Court therefore DENIES the Movants' Motion to Reconsider.

SO ORDERED.