**In re Gary Thomas HUBBARD, SS # 532–32–0331, d/b/a Central Commons Market, and Naomi Joyce Hubbard, SS # 112–44–5970, a/k/a Naomi Castro, d/b/a Full Service Corporation, Debtors.**

**Jeffrey BROSE, Plaintiff,**

**v.**

**Gary Thomas HUBBARD, Defendant.**

**Bankruptcy No. 7–92–14107 MA.
Adv. No. 93–1045 M.**

United States Bankruptcy Court,
D. New Mexico.

May 16, 1994.

---

Edward D. Myers, Albuquerque, NM, for
Jeffrey Brose.

Karen B. Grabeklis, Albuquerque, NM, for
Gary Thomas Hubbard.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### MARK B. McFEELEY, Chief Judge.

This matter is before the Court on the Plaintiff's Complaint to Determine Dischargeability of Debt. The Plaintiff seeks to have his debt of $17,124.60 plus interest declared nondischargeable under 11 U.S.C. § 523(a)(6) as a debt for willful and malicious injury by the Defendant. The Plaintiff filed a Motion for Summary Judgment on February 4, 1994 and an Affidavit in support of the Motion on February 25, 1994. The Defendant filed a Response to the Motion for Summary Judgment on February 28, 1994. The Court heard argument on the Motion and Response on March 1, 1994 and set up a briefing schedule on the issue of whether a "no contest" plea can be used to collaterally estop a finding under § 523(a)(6). The Court has carefully considered all of the pleadings and briefs, the uncontroverted facts, the applicable law as well as the arguments of counsel and finds that the Plaintiff's motion for summary judgment will be denied and the trial of this adversary will be scheduled.

### FACTS

The Complaint alleges that on or about July 23, 1981, Defendant willfully and maliciously assaulted Plaintiff, a police officer, during the attempted arrest of Defendant on a traffic violation. The Plaintiff was indicted and convicted for felony escape and assault, but the conviction was reversed on appeal. *State v. Hubbard,* 61 Or.App. 350, 657 P.2d 707 (1983).

The Plaintiff filed a civil action against the Defendant in 1984 in Oregon Circuit Court, Multnomah County claiming damages for intentional battery. Specifically, the Plaintiff's complaint alleged the following:

> [o]n or about July 23, 1981, Plaintiff, while in the course of performing his duties as a police officer, was attempting to place Defendant under arrest when Defendant struck Plaintiff numerous times in the face and chest with his fists, elbows, and other portions of his body, causing Plaintiff.... to suffer contusions to his face and chest, ...

The Plaintiff prayed for general damages of $10,000 and punitive damages for wanton and willful battery of $25,000 plus costs and disbursements. A trial was scheduled for September 13, 1984. The Plaintiff appeared, but the Defendant did not. The Oregon Circuit Court entered a default judgment in favor of Plaintiff. After an evidentiary hearing, the court found that "the defendant did commit a battery on plaintiff and did so in a wilful, intentional and deliberate manner." *Brose v. Hubbard,* CV-'92 02009, Judgment of Circuit Court of the State of Oregon, County of Multnomah (September 26, 1984). The court awarded Plaintiff $7,500 in general damages, $10,000 in punitive damages and $124.60 in costs and disbursements. *Id.*

On April 15, 1985, the Defendant pleaded "no contest" to Attempted Escape in the Second Degree and Careless Driving, both misdemeanors.

In his Motion for Summary Judgment, the Plaintiff asserts that the Defendant is barred in this dischargeability proceeding from challenging the findings of the Oregon civil default judgment under the doctrine of res judicata. In the alternative, the Plaintiff claims that the § 523(a)(6) elements of willfulness and deliberateness have been fully and fairly litigated, and therefore, the Defendant is collaterally estopped from relitigating those issues.

### DISCUSSION

The issue before this Court is whether the Defendant is barred from challenging the findings of the Oregon Circuit Court by the doctrine of collateral estoppel. The Supreme Court has decided that the doctrine of res judicata is inapplicable to cases determining the dischargeability of a debt in bankruptcy because jurisdiction to determine the dischargeability of a debt is left to the bankruptcy court. *Brown v. Felsen,* 442 U.S. 127, 134–38, 99 S.Ct. 2205, 2211–13, 60 L.Ed.2d 767 (1979). The *Brown* court left open the issue of whether collateral estoppel may be applied in dischargeability proceedings. *Id.* at 139, n. 10, 99 S.Ct. at 2213, n. 10.

The Supreme Court recently examined issue preclusion in the context of a dischargeability proceeding stating that col-

lateral estoppel does indeed apply in discharge exception proceedings under § 523. *Grogan v. Garner,* 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). Although the bankruptcy court makes the final determination on nondischargeability under § 523, collateral estoppel may be invoked to bar relitigation of the factual issues underlying the determination of dischargeability. *Klemens v. Wallace (In re Wallace),* 840 F.2d 762, 764 (10th Cir.1988) (civil embezzlement judgment sufficient to collaterally estop debtor from contesting elements of § 523(a)(4) complaint). Collateral estoppel "relieves parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980), cited in *In re Dvorak,* 118 B.R. 619, 624 (Bankr.N.D.Ill.1990).

■ Under Oregon law, an issue is precluded by collateral estoppel when the following elements are met: (1) the issue was actually litigated by the parties in the prior action; (2) the prior court's determination of the issue was necessary to the resulting final and valid judgment; and (3) the issue to be precluded is the same as that involved in the prior action. *Gwynn v. Wilhelm,* 226 Or. 606, 608–609, 360 P.2d 312, 313 (1961). Clearly, the situation contemplated by the "actually litigated" element is the resolution of a dispute following a full trial on the merits. The concern for judicial economy must be tempered by a strict construction of the requirement that an issue be actually litigated.

■ When a court decides whether to collaterally estop a party from litigating an issue, it must be satisfied that the result in the prior action is the most accurate possible. This is most assured when adversaries vigorously protect their interests in a trial on the merits. A default judgment merely disposes of the cause of action before the court and is not a reliable adjudication of any issue except for that case, and should not have a collateral estoppel effect in a bankruptcy dischargeability proceeding. *Dvorak,* 118 B.R. at 625, citing 1B Moore's Federal Practice (2nd ed.) paragraph .443[3] at 768. A party against whom a default judgment is entered certainly had an opportunity to litigate. But, most

courts have concluded that an opportunity to litigate should not be given the same effect as "actual litigation," unless the application of the estoppel to some subsequent proceeding was foreseeable when the default was entered.

■ In this case, the requirement that an issue be actually litigated is not met because the issue of intentional battery was not fully and fairly litigated in an adversarial context. The Defendant, for whatever reason not important here, chose not to fully litigate the Oregon case. The Court agrees with the Sixth Circuit, which stated:

> If the important issues were not actually litigated in the prior proceeding, as is the case with a default judgment, then collateral estoppel does not bar relitigation in the bankruptcy court.
>
> Thus, before applying the doctrine of collateral estoppel, the bankruptcy court must determine if the issue was actually litigated and was necessary to the decision in the state court. To do this, the bankruptcy court should look at the entire record of the state proceeding, not just the judgment, or hold a hearing if necessary.

*Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981) (citations omitted). *See also, Matter of McMillan,* 579 F.2d 289, 293 (3d Cir. 1978) ("... default judgment should not be given the precise effect it merits. It should, of course, be conclusive in a subsequent suit on the same cause of action involving the same parties or their privies. But it should not, in a subsequent suit on another cause of action between the parties preclude the litigation of issues not litigated in the defaulted action, whether alleged or not.").

■ This Court recognizes that several courts have given collateral estoppel effect to default judgments entered by courts with sufficient findings of fact to determine dischargeability of a debt. *See e.g., In re Arguez,* 134 B.R. 55, 58 (Bankr.S.D.Fla.1991) (collateral estoppel applied to dischargeability action in which default judgment entered rendering debt obtained through false pretenses, false representation or actual fraud); *In re Seals,* 110 B.R. 331, 332 (M.D.Tenn. 1989) (debtor was collaterally estopped from challenging dischargeability of debt arising

out of Tennessee default judgment finding debtor liable for assault and battery and imposing compensatory and punitive damages). This Court will not follow this line of cases and chooses to follow the majority and better view that the actually litigated requirement should be construed narrowly. Given that the necessary element of the collateral estoppel doctrine has not been met, it is unnecessary to reach the other two elements in determining whether Defendant should be barred from litigating the issue of his willful and malicious behavior.

The Court requested briefs on the issue of whether the Defendant's "no contest" plea can be used to estop him from relitigating dischargeability of the debt. The briefs revealed no authority for this proposition, and even if the collateral estoppel doctrine could be applied, the issues are not the same. The Defendant pled no contest to Attempted Escape in the Second Degree, a Class "C" Misdemeanor in Oregon, and to Careless Driving. The Plaintiff's claim of nondischargeability is not premised upon the behavior required to be convicted of these offenses.[1]

IT IS ORDERED that the Plaintiff's Motion for Summary Judgment is denied. The parties shall appear for a scheduling conference on Friday, June 10, 1994 at 10:00 am in Judge McFeeley's conference room, fifth floor, United States Courthouse, 421 Gold S.W. Albuquerque, N.M. Telephone appearance is allowed upon request one day prior to the scheduling conference.

---

**1.** The pertinent statutes provide in relevant part the following:

A person commits the crime of escape in the second degree if:
The person uses or threatens to use physical force escaping from custody; ...
Or.Rev.Stat. § 162.155.
A person is guilty of attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime.
Or.Rev.Stat. § 161.405.
A person commits the offense of careless driving if the person drives any vehicle upon a highway or other premises ... in a manner that endangers or would be likely to endanger any person or property.
Or.Rev.Stat. § 811.135.