In re Robert B. PALAZZO, Janet
I. Palazzo, Debtors.

Charles A. ROSSETTER, Jr. and Deborah
E. Maxwell, as Plenary Guardians of
Caroline P. Rossetter, an incapacitated
person, Plaintiffs,

v.

Robert B. PALAZZO and Janet
I. Palazzo, Defendants.

Bankruptcy No. 96–24021.
Adversary No. 97–2056.

United States Bankruptcy Court,
D. Connecticut.

Dec. 16, 1997.

Judith H. Friedman, Hebb & Gitlin, Hartford, CT, for Plaintiffs.

William A. Hamzy, Morocco, Hamzy & Conlin, L.L.C., Bristol, CT, for Defendants.

RULING AND ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT ROBERT B. PALLAZO

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

The matter before the court is the plaintiffs' motion for summary judgment on their complaint, which seeks to except from discharge a debt allegedly owed them by Robert B. Palazzo ("Robert") and Janet I. Palazzo ("Janet") ("the debtors"). The plaintiffs contend, under collateral estoppel principles, that a default entered by a Florida state court against Robert precludes him from asserting a defense to their claims and entitles them to judgment as to Robert.

II.

The plaintiffs, plenary guardians of Caroline Rossetter ("Rossetter"), an incapacitated person, in 1995 filed suit in a Florida court against Annette Hood, amending their action to include Robert on March 11, 1996. *Maxwell Aff.* ¶¶ I, 4. Hood, Janet's sister and Robert's sister-in-law, worked as Rossetter's

nurse. *Plaintiff's Exh. B* at 34–35. The complaint alleged that Hood and Robert, knowing that Rossetter lacked the capacity to consent, fraudulently induced Rossetter to employ Robert to paint her two homes and to pay Robert for work that was substandard, over-priced, and/or not performed at all. *Plaintiff's Exh. C* at ¶¶ 11 4–19. The complaint, which sought damages of $120,700 for fraud, fraudulent representation, and conversion, *Id.* at ¶¶ 6, 14, 21, was served on Robert on two occasions. *Plaintiff's Exh. C.* Because Robert failed to answer their complaint, the plaintiffs moved for a default, which the Florida court entered on July 19, 1996. *Plaintiff's Exh. D.* The record does not indicate that the default was reduced to judgment.

The debtors filed their Chapter 7 petition on November 19, 1996. The plaintiffs, on March 7, 1997, initiated the instant adversary proceeding by filing a complaint containing allegations that are essentially identical to those in the Florida complaint. Based on these allegations, the complaint seeks a determination that any debt Robert or Janet owes to Rossetter is nondischargeable pursuant to Bankruptcy Code § 523(a)(2) (fraud), 523(a)(4) (larceny, embezzlement, and fiduciary defalcation) and 523(a)(6) (willful and malicious injury).

The debtors' answer, filed on May 6, 1997, generally denies the allegations in the complaint. Moreover, as special defenses the debtors assert that Rossetter was a competent person when she entered into the agreement with Robert, that she sought bids from other contractors and carefully reviewed these bids before awarding the work to Robert, and that the debtors "performed all of the work for which they were hired and carried out all of the terms of the agreement in a timely and workmanlike manner." Answer at 2.

The plaintiffs, on October 1, 1997, filed a motion for summary judgment (the "Plaintiff's Motion"), together with a Memorandum of Law (the "Plaintiff's Memorandum"), a Statement of Undisputed Facts, an affidavit of one of their Florida attorneys, George W. Maxwell (the "Maxwell Affidavit"), and supporting exhibits. The plaintiffs' motion rests on their argument that "the factual issues which underlie the Plaintiffs' [sic] complaint ... were conclusively determined" by a Florida court. *Plaintiff's Motion* at 2. The debtors filed an Objection to the plaintiffs' motion on October 20, 1997, to which the plaintiffs replied on October 29, 1997. The debtors, on November 13, 1997, filed a Statement of Material Facts and a Supplemental Objection.

### III.

Fed.R.Civ.P. 56(c), made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 7056, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (*quoting* Fed.R.Civ.P. 56(c)). A dispute concerning a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of proving that no material facts are in dispute, and in considering such a motion, the court "must 'resolve all ambiguities and draw all reasonable inferences in favor' of the non-moving party...." *Mikinberg v. Baltic S.S. Co.*, 988 F.2d 327, 330 (2d Cir.1993) (*quoting Heyman v. Commerce and Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975)). The court in deciding a summary judgment motion, "'cannot *try* issues of fact, but can only determine whether there are issues of fact to be tried.'" *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir.1984) (*quoting Empire Electronics Co. v. United States*, 311 F.2d 175, 179 (2d Cir.1962)) (emphasis in original).

### IV.

■] In *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), the Supreme Court established that "collateral estoppel principles do indeed apply in dis-

charge exception proceedings pursuant to § 523(a)." 498 U.S. at 285 n. 11, 111 S.Ct. at 658 n. 11, 112 L.Ed.2d at 763 n. 11. The full faith and credit statute, 28 U.S.C. § 1738, provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken." According to the Supreme court in *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), 28 U.S.C § 1738 "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." 470 U.S. at 380, 105 S.Ct. at 1331, 84 L.Ed.2d at 281. Because the default at issue here was entered by a Florida court, Florida's rules for collateral estoppel govern the instant matter.

 For collateral estoppel to apply under Florida state law, the parties must be identical, the issues must be identical, and the matter must have been fully litigated in a court of competent jurisdiction. *See, e.g., Gayden v. Nourbakhsh (In re Nourbakhsh),* 67 F.3d 798, 800 (9th Cir.1995). The first and second requirements need not be addressed here because the third is dispositive. Under Florida law, an issue has been fully litigated if it was decided by default judgment. *Id.* at 800–01; *see also Florida Municipal Self Insurers Fund v. Heuser (In re Heuser),* 127 B.R. 895, 898 (Bankr.N.D.Fla. 1991); *Fixel v. Marsowicz (In re Marsowicz),* 120 B.R. 602, 604 (Bankr.S.D.Fla.1990); *Maximus International Trading Corp. v. Arguez (In re Arguez),* 134 B.R. 55, 58 (Bankr.S.D.Fla.1991). In the case at bar, although a Florida court entered a default against Robert, the plaintiffs did not obtain a judgment from a Florida court. In the absence of a Florida judgment, collateral estoppel principles do not apply.

The plaintiffs cite *Fairway Golfview Homes, Inc. v. Kecskes (In re Kecskes),* 136 B.R. 578, 583 (Bankr.S.D.Fla.1992), *Johnson v. Keene (In re Keene),* 135 B.R. 162, 168 (Bankr.S.D.Fla.1991), and *Marsowicz,* 120 B.R. at 602, as cases in which defaults were held to constitute actual litigation under Florida law. *Plaintiff's Memorandum* at 9–

11. However, in each of these cases the bankruptcy court gave preclusive effect to a prior state court default *judgment,* not to a default without a judgment.

The court concludes that, because the plaintiffs did not obtain a default judgment from a Florida court, and because the application of collateral estoppel requires a default judgment, not simply a default, the plaintiffs are not entitled to summary judgment as to Robert.

The court denies the plaintiffs' motion for summary judgment. It is

SO ORDERED.